THIGPEN, Judge.
Wesley Mitchell filed a complaint against Robinson Foundry, Inc. (Foundry), in the Circuit Court of Tallapoosa County, contending that he suffered an accident and injury to his right arm in the course of his employment with Foundry. Foundry answered that Mitchell failed to give adequate legal notice. The parties agreed to bifurcate the issues for trial. The issues were whether the accident and alleged injury were sustained within the scope of the workmen’s compensation act, and whether adequate legal notice had been given to the employer. After receiving evidence ore tenus, the trial court entered an order, finding
“that while [Mitchell] suffered an accident on the job from striking his elbow on a moving tow motor, and that while this may have occurred on November 5th or 6th, 1985, while [Mitchell] was employed by [Foundry], the facts, as proven, failed to establish any causal connection between this alleged accident and injury on the job ...” (Emphasis added.)
Further, the trial court noted that although Mitchell had given adequate legal notice within the meaning of the act, there was “a lack of evidence of any causal connection between the very minor accident and the treatment that occurred months later.” The court entered a judgment in favor of Foundry. Hence, this appeal.
The record evidence discloses that, at the time of the alleged accident on November 5 or 6, 1985, Mitchell was 38 years old, and had two full-time jobs, one at Russell Corporation as a janitor, and one at Foundry as a grinder. The issue of whether Mitchell suffered a work-related accident was decided in the affirmative by the trial court, and no recitation of those facts is necessary since that issue is not on appeal. The issue on appeal concerns whether the trial court erred in concluding that Mitchell had not proven a sufficient causal connection between the accident and the alleged injury.
Mitchell continued working at the Foundry for approximately two months after the accident in issue. In deposition, he stated that he got tired of working two jobs and quit the job with Foundry without mentioning the injury. At trial, Mitchell stated he was tired of working two jobs and that his arm was bothering him; however, Mitchell’s first claim for workmen’s compensation benefits did not occur until approximately eleven months after the accident, when surgery was indicated. Mitchell testified that his arm continued to hurt, and that he sought medical attention. His physician testified:
“And usually what happens is that the lay person like this will get a bad blow, and they will think that it is just bruised, or ‘stove up’ as they say. And then they don’t think much about it, because that kind of fracture is not an unstable fracture.
“Whereas a long bone fracture will swing in the breeze, this just sort of sits in there and it is sore. And the elbow is perfectly stable, but it is sore. So they think they can work it out. And after a few weeks or a few months, they find that they can’t work it out and seek help.”
The question, therefore, is whether this testimony, together with that of Mitchell, is sufficient to establish the causal connection.
Our review in a workmen’s compensation case is limited to a determination of whether there exists any legal evidence to support the trial court’s findings of fact. If such evidence is found, we must then determine whether any reasonable view of that evidence supports the conclusions made by the trial court. Ex parte East *1050 wood, Foods, Inc., 575 So.2d 91 (Ala.Civ.App.1991).
A claimant in a workmen’s compensation case must prove the existence of both legal and medical causation before the employment can be said to have caused the injury. Fordham v. Southern Phenix Textiles, Inc., 387 So.2d 204 (Ala.Civ.App.), cert. denied, 387 So.2d 206 (Ala.1980). Medical causation requires a showing that “the exertion or strain or exposure to conditions was, in fact, a contributing cause of [the employee’s] injury.” Fordham 387 So.2d at 205. Further, our supreme court has determined that the test for medical causation “must be determined on a case-by-case basis” and that “the trial court is authorized to draw any reasonable inference from the evidence.” Ex parte Price, 555 So.2d 1060, 1062 (Ala.1989).
The record reflects that Mitchell had a long history of reporting on-the-job accidents, both before and after the accident in issue. In the instant case and after initial treatment by the nurse, he did not make further complaints regarding his arm, nor did he state in deposition that he quit work because of his arm. At trial, he stated that the injured arm was one of his reasons for quitting his job at Foundry. Still further, the employer has no record of any complaint made by Mitchell, although there were sufficient witnesses to establish that some on-the-job accident did occur. Mitchell continued his job at Russell Corporation and did not miss work because of the injury. Mitchell relies on his own testimony regarding the difficulties with his arm after the accident, and in the course of the remaining two months of his employment, together with his physician’s opinion, to support his argument.
As trier of fact in ore tenus proceedings, the trial court has the discretion to assess the credibility of witnesses and to weigh the evidence. Genpak Corporation v. Gibson, 534 So.2d 312 (Ala.Civ.App.1988). While the trial court may not fail to consider legal evidence, Littleton v. Gold Kist, Inc., 485 So.2d 1180 (Ala.Civ.App.1986), the trial court is not bound by the opinion of an expert witness, even if uncon-troverted. Blue Bell, Inc. v. Nichols, 479 So.2d 1264 (Ala.Civ.App.1985). The record reflects that the trial court read and considered the physician’s opinion, but concluded that such evidence was insufficient. This it had the authority to do. Price, supra.
Under the appropriate standard of review, there is sufficient evidence, or lack thereof, to support the trial court’s decision that Mitchell “failed to establish a compen-sable accident and injury.” Accordingly, the judgment of the trial court is due to be, and is hereby, affirmed.
AFFIRMED.
ROBERTSON, P.J., and RUSSELL, J., concur.