855 So.2d 536 (2003)
HOMES OF LEGEND, INC.
v.
Albert O'NEAL.
2010949.
Court of Civil Appeals of Alabama.
January 31, 2003.
*537 David M. Wilson and Jonathan L. Berryhill of Wilson & Berryhill, P.C., Birmingham, for appellant.
Myron K. Allenstein and Rose Marie Allenstein of Allenstein & Allenstein, Gadsden, for appellee Albert O'Neal.
Bennett L. Pugh, Joseph H. Driver, and Holly H. Bazemore of Carr, Allison, Pugh, Howard, Oliver & Sisson, P.C., Birmingham, filed a brief for Amerigas.
THOMPSON, Judge.
Albert O'Neal filed an action seeking workers' compensation benefits from his former employer, Homes of Legend, Inc., for injuries he allegedly sustained to his back in on-the-job accidents on May 13, 1999, and November 13, 1999. O'Neal later amended his complaint to add Amerigas, a subsequent employer, as a defendant in his workers' compensation action. In his amended complaint, O'Neal stated that on January 11, 2001, while he was working for Amerigas, he suffered an injury that might have aggravated his earlier work-related injuries. In essence, O'Neal sought a determination as to which employer was liable for his alleged disability.
Homes of Legend and Amerigas each answered and denied liability. The parties conducted discovery. After some discovery was completed, Amerigas, who had been paying for O'Neal's medical treatment, stopped paying.
On March 18, 2002, O'Neal filed a motion to compel Homes of Legend, or in the alternative, Amerigas, to pay for his medical treatment for his alleged injuries while the issue of liability was being decided. Homes of Legend and Amerigas each responded to O'Neal's motion to compel and each denied liability for the medical treatment. Amerigas argued that while working for it, O'Neal suffered a recurrence of, rather than an aggravation of, his earlier injury. Homes of Legend maintained that O'Neal aggravated his earlier injury while working for Amerigas. Each defendant submitted evidence in support of its position. The trial court also received evidence during an ore tenus hearing conducted on O'Neal's motion to compel payment for his medical treatment.
On June 12, 2002, the trial court entered an order in which it found that while he was working for Amerigas, O'Neal suffered a recurrence, rather than an aggravation, of the back injury he sustained while he worked for Homes of Legend. Therefore, the trial court ordered that Homes of Legend pay for O'Neal's medical *538 treatment. Also on June 12, 2002, the trial court entered an order continuing the scheduled June 26, 2002, final hearing on O'Neal's action, and ordered that the final hearing be rescheduled at a later date. Homes of Legend appealed from the trial court's June 12, 2002, order finding it responsible for payment of O'Neal's medical treatment.
O'Neal filed in this court a motion to dismiss the appeal; in that motion, O'Neal argued that the June 12, 2002, order was not final. Therefore, we must initially determine whether the trial court's June 12, 2002, order was final so as to support an appeal.
This court has held that a workers' compensation judgment similar to the one presently before this court was sufficiently final to support an appeal in cases in which the trial court reserved jurisdiction to later determine the issue of the worker's permanent total disability, if any. BE & K, Inc. v. Weaver, 743 So.2d 476 (Ala.Civ.App. 1999); Mike Makemson Logging v. Colburn, 600 So.2d 1049 (Ala.Civ.App.1992); Ex parte DCH Reg'l Med. Ctr., 571 So.2d 1162 (Ala.Civ.App.1990). However, in those cases, the trial court made findings that the injury was compensable and calculated the disability benefits due at the time the order was entered. In addition, in Ex parte DCH Regional Medical Center, supra, and BE & K, Inc. v. Weaver, supra, the trial courts also ordered that the employer was responsible for the payment for medical treatment related to the worker's injury.
In International Paper Co. v. Dempsey, 844 So.2d 1236 (Ala.Civ.App.2002), the employer appealed an order finding that the worker was entitled to medical benefits under the Workers' Compensation Act and to any workers' compensation benefits that had accrued until the date of that order; in that order, the trial court reserved ruling on the issue of the worker's permanent disability, if any. The trial court's order, however, did not establish the nature of the workers' compensation benefits due or the amount of benefit that had accrued until the date of the trial court's order. For that reason, this court concluded that the trial court's order in that case was distinguishable from the orders this court had concluded in BE & K, Inc. v. Weaver, Mike Makemson Logging v. Colburn, and Ex parte DCH Regional Medical Center were sufficiently final to support an appeal. This court determined that because the trial court's order did not determine the amount or type of benefits due the worker on the date of the entry of the order, it was not sufficiently final to support an appeal; therefore, we dismissed the appeal. International Paper Co. v. Dempsey, 844 So.2d at 1238.
In this case, the trial court's June 12, 2002, order resolved only the issue of Homes of Legend's liability for O'Neal's medical treatment; it did not contain a provision pertaining to any workers' compensation benefits accrued and payable at the time the order was entered. Accordingly, we find the order in this case to be more similar to the order in International Paper Co. v. Dempsey than to the orders in BE & K, Inc. v. Weaver, Mike Makemson Logging v. Colburn, and Ex parte DCH Regional Medical Center. We conclude that the trial court's June 12, 2002, order does not "sufficiently ascertain[ ] and declare[ ] the rights of the parties" so as to lend that order sufficient finality to support an appeal. See Mike Makemson Logging v. Colburn, 600 So.2d at 1050. Therefore, we must dismiss the appeal.
APPEAL DISMISSED.
YATES, P.J., and CRAWLEY and PITTMAN, JJ., concur.
MURDOCK, J., concurs in the result.
*539 MURDOCK, Judge, concurring in the result.
I concur in the result reached by the majority: the dismissal of this appeal. In doing so, I too conclude that the order of the trial court at issue is not a final judgment.[1] This court therefore does not have appellate jurisdiction.
In arguing that this court does have jurisdiction, Homes of Legend emphasizes that the trial court intends its order for payment of the employee's medical expenses to be immediately enforceable. The only issue in the case before us, however, is whether this court has jurisdiction over the attempted appeal of the trial court's judgment. The lack of finality of that judgment is dispositive of that issue.
NOTES
[1] I note a tension in our caselaw, however, as to whether a complaint like the one in the present case, that seeks both workers' compensation benefits under § 25-5-57, Ala.Code 1975, and medical benefits under § 25-5-77, Ala.Code 1975, constitutes only one claim alleging several elements of damage or two claims. Compare Dunlop Tire Corp. v. Arch, 784 So.2d 1056 (Ala.Civ.App.2000), with Pike County Comm'n v. Green, 740 So.2d 1076 (Ala.Civ.App.1998), GAF Corp. v. Poston, 656 So.2d 1225 (Ala.Civ.App.1995), and City of Auburn v. Brown, 638 So.2d 1339 (Ala.Civ. App.1993). See also Ex parte Tuscaloosa County, 522 So.2d 782 (Ala.1988).