855 So.2d 544 (2003)
Ex parte AMERIGAS.
(In re Albert O'Neal v. Homes of Legend and Amerigas).
2020041.
Court of Civil Appeals of Alabama.
January 31, 2003.
*545 Bennett L. Pugh, Joseph H. Driver, and Holly H. Bazemore of Carr, Allison, Pugh, Howard, Oliver & Sisson, P.C., Birmingham, for petitioner.
David M. Wilson and Jonathan L. Berryhill of Wilson & Berryhill, P.C., Birmingham, for respondent Homes of Legend, Inc.
Myron K. Allenstein of Allenstein & Allenstein, Gadsden, for respondent Albert O'Neal.
THOMPSON, Judge.
This petition for a writ of mandamus arises out of facts in a case in which an appeal is pending before this court. The facts are set forth in our opinion in that appeal:
"Albert O'Neal filed an action seeking workers' compensation benefits from his former employer, Homes of Legend, Inc., for injuries he allegedly sustained to his back in on-the-job accidents on May 13, 1999, and November 13, 1999. O'Neal later amended his complaint to add Amerigas, a subsequent employer, as a defendant in his workers' compensation action. In his amended complaint, O'Neal stated that on January 11, 2001, while he was working for Amerigas, he suffered an injury that might have aggravated his earlier work-related injuries. In essence, O'Neal sought a determination as to which employer was liable for his alleged disability.
"Homes of Legend and Amerigas each answered and denied liability. The parties conducted discovery. After some discovery was completed, Amerigas, who had been paying for O'Neal's medical treatment, stopped paying.
"On March 18, 2002, O'Neal filed a motion to compel Homes of Legend, or in the alternative, Amerigas, to pay for his medical treatment for his alleged injuries. Homes of Legend and Amerigas each responded to O'Neal's motion to compel and each denied liability for the medical treatment. Amerigas argued that while working for it, O'Neal suffered a recurrence of, rather than an aggravation of, his earlier injury. Homes of Legend maintained that O'Neal aggravated his earlier injury *546 while working for Amerigas. Each defendant submitted evidence in support of its position. The trial court also received evidence during an ore tenus hearing conducted on O'Neal's motion to compel payment for his medical treatment.
"On June 12, 2002, the trial court entered an order in which it found that while he was working for Amerigas, O'Neal suffered a recurrence, rather than an aggravation, of the back injury he sustained while he worked for Homes of Legend. Therefore, the trial court ordered that Homes of Legend was responsible for paying for O'Neal's medical treatment. Also on June 12, 2002, the trial court entered an order continuing the scheduled June 26, 2002, final hearing on O'Neal's action, and ordered that the final hearing be rescheduled at a later date. Homes of Legend appealed from the trial court's June 12, 2002, order finding it responsible for payment of O'Neal's medical treatment."
Homes of Legend v. O'Neal, 855 So.2d 536, 537-38 (Ala.Civ.App.2003). This court today dismisses Homes of Legend's appeal as being from a nonfinal judgment.
While the appeal in Homes of Legend v. O'Neal, supra, was pending in this court, O'Neal filed in the trial court a motion entitled "motion to compel medical treatment previously ordered." In that motion, O'Neal sought to enforce the June 12, 2002, order and to require Homes of Legend to pay for his medical treatment while Homes of Legend's appeal from that order was pending in this court. In his motion, O'Neal also asserted that "[i]f [the trial court] is reversed or if [the trial court] changes its order as to which employer is responsible, the [trial court] should order Amerigas to reimburse Homes of Legend for all medical care paid by Homes of Legend." Homes of Legend moved this court to strike O'Neal's motion seeking to enforce the June 12, 2002, order because, it alleged, that motion was not timely filed; this court denied Homes of Legend's motion.
On August 13, 2002, the trial court entered a one-sentence order granting O'Neal's motion to enforce the June 12, 2002, order. Homes of Legend filed a motion asking the trial court to reconsider its August 13, 2002, order. On August 30, 2002, the trial court entered an order reiterating that Homes of Legend was responsible for paying the costs of O'Neal's medical treatment. That order also provided that if, on appeal, a court decided that issue in favor of Homes of Legend and determined that Amerigas was responsible for paying for O'Neal's medical treatment, Amerigas was to reimburse Homes of Legend for any amounts it had expended for O'Neal's medical treatment. The trial court's August 30, 2002, order specifically provides that that order is not a final judgment.
Amerigas filed a petition for a writ of mandamus in this court, asking this court to order the trial court to vacate its August 30, 2002, order.
Mandamus is an extraordinary remedy. An appellate court will grant a petition for a writ of mandamus only when "(1) the petitioner has a clear legal right to the relief sought; (2) the respondent has an imperative duty to perform and has refused to do so; (3) the petitioner has no other adequate remedy; and (4) this Court's jurisdiction is properly invoked." Ex parte Flint Constr. Co., 775 So.2d 805, 808 (Ala.2000) (citing Ex parte Mercury Fin. Corp., 715 So.2d 196, 198 (Ala.1997)). Review by mandamus is not appropriate where the petitioner has another adequate remedy, such as an appeal. Ex parte Jackson, 780 So.2d 681 (Ala.2000); Ex *547 parte Inverness Constr. Co., 775 So.2d 153 (Ala.2000); Ex parte Walters, 646 So.2d 154 (Ala.Civ.App.1994).
In its petition for a writ of mandamus, Amerigas sets forth several arguments in support of its basic contention that the trial court erred in requiring, in its August 30, 2002, order, that Amerigas reimburse Homes of Legend should Homes of Legend prevail on its argument that Amerigas, and not it, is responsible for paying for O'Neal's medical treatment. Based on those arguments, Amerigas maintains that the trial court's August 30, 2002, order is due to be vacated. Thus, in its petition for a writ of mandamus, Amerigas asks this court to review the merits of the trial court's August 30, 2002, order.
Our supreme court has held:
"`The rules of law applicable to the case are simple and well settled. The writ of mandamus will lie from a superior to an inferior or subordinate court, in a proper case, to compel it to hear and decide a controversy of which it has jurisdiction; or, where the cause has been heard, to compel such inferior court to render judgment or enter a decree in the given case. But its use is not warranted to direct what particular judgment shall be rendered in a pending cause, nor is it the proper function of such remedial writ to re-examine, or correct errors in any judgment or decree so rendered. "The rule applies to judicial as well as to ministerial acts, but it does not apply at all to a judicial act to correct an error, as where the act has been erroneously performed. If the duty is unperformed, and it be judicial in its character, the mandate will be to the judge directing him to exercise his judicial discretion or judgment, without any direction as to the manner in which it shall be done; or if it be ministerial, the mandamus will direct the specific act to be performed."Ex parte Newman, [81] U.S. 152, 14 Wall. 152, 169, 20 L.Ed. 877 [ (1871) ]; High on Extr. Rem. §§ 150-152, 266; Ex parte Schmidt, 62 Ala. 252 [ (1878) ]; Ex parte Mahone, 30 Ala. 49 [ (1857) ]. The principle, of course, universally prevails, that in no event will the writ ever be awarded where full and adequate relief can be had by appeal, writ of error, or otherwise.'"
State v. Cobb, 288 Ala. 675, 678, 264 So.2d 523, 526 (1972) (quoting State v. Williams, 69 Ala. 311, 316 (1881)) (some emphasis original; some emphasis added).
In this case, the trial court has issued an order, and Amerigas takes issue with the merits of that order; however, mandamus should not issue to "`re-examine[ ] or correct errors in a[ ] judgment.'" State v. Cobb, 288 Ala. at 678, 264 So.2d at 526. The merits of the trial court's August 30, 2002, order may be reviewed on appeal once the trial court enters a final judgment in O'Neal's workers' compensation action. A petition for a writ of mandamus may not be granted where the petitioner has an adequate remedy by appeal. Ex parte Jackson, supra; Ex parte Inverness Constr. Co., supra; In re State of Alabama v. Cobb, supra; Ex parte Walters, supra.
WRIT DENIED.
YATES, P.J., and CRAWLEY and PITTMAN, JJ., concur.
MURDOCK, J., concurs in the result.
MURDOCK, Judge, concurring in the result.
I do not find it necessary for this court to decide at this juncture whether Amerigas will have "an adequate remedy by appeal" if and when the time comes that Amerigas needs such a remedy. Amerigas is not yet confronted with a trial-court order requiring it, rather than Homes of *548 Legend, to pay the employee's medical expenses. Therefore, although I agree with the result reached in the majority opinion, I do so on the different ground set forth below.
Amerigas complains that the trial court's August 30, 2002, order "holds Amerigas immediately liable for" the employee's medical expenses despite the fact that there "has been no final adjudication on the merits of [the employee's] claim for benefits." (Emphasis added.) However, as to Amerigas, the trial court has ordered only that it will be responsible for reimbursement of the employee's medical expenses "[i]n the event that Homes of Legend, Inc., is successful on appeal as currently pending or at [some] later time in [the trial court] or in an appellate court."[1] I therefore conclude that Amerigas has failed to make a sufficient showing to satisfy the second element necessary to establish a right to a writ of mandamusan "imperative duty" on the respondent to perform. See Ex parte Flint Constr. Co., 775 So.2d 805, 808 (Ala.2000).
NOTES
[1] In a related case, this court today dismisses the appeal by Homes of Legend of the trial court's June 12, 2002, order finding it responsible for payment of the employee's medical expenses. The appeal is dismissed as not being from a final judgment. See Homes of Legend v. O'Neal, 855 So.2d 536 (Ala.Civ.App. 2003).