I do not find it necessary for this court to decide at this juncture whether Amerigas will have "an adequate remedy by appeal" if and when the time comes that Amerigas needs such a remedy. Amerigas is not yet confronted with a trial-court order requiring it, rather than Homes of *Page 548 
Legend, to pay the employee's medical expenses. Therefore, although I agree with the result reached in the majority opinion, I do so on the different ground set forth below.
Amerigas complains that the trial court's August 30, 2002, order "holds Amerigas immediately liable for" the employee's medical expenses despite the fact that there "has been no final adjudication on the merits of [the employee's] claim for benefits." (Emphasis added.) However, as to Amerigas, the trial court has ordered only that it will be responsible for reimbursement of the employee's medical expenses "[i]n the event that Homes of Legend, Inc., is successful on appeal as currently pending or at [some] later time in [the trial court] or in an appellate court."[1] I therefore conclude that Amerigas has failed to make a sufficient showing to satisfy the second element necessary to establish a right to a writ of mandamus — an "imperative duty" on the respondent to perform. SeeEx parte Flint Constr. Co., 775 So.2d 805, 808 (Ala. 2000).
[1] In a related case, this court today dismisses the appeal by Homes of Legend of the trial court's June 12, 2002, order finding it responsible for payment of the employee's medical expenses. The appeal is dismissed as not being from a final judgment. See Homes of Legend v.O'Neal, 855 So.2d 536 (Ala.Civ.App. 2003).