PER CURIAM.
On June 24, 2008, the Calhoun Circuit Court entered an “interim judgment” determining that Margaret Cowart’s injuries had occurred within the line and scope of her employment with SouthernCare, Inc., and ordering that SouthernCare authorize Dr. James White to treat Cowart for those injuries. SouthernCare filed a motion challenging the “interim judgment” on July 23, 2008; that motion was denied by the trial court on August 4, 2008. On *633 August 8, 2008, SouthernCare filed a petition for the writ of mandamus seeking relief from the “interim judgment”; that petition was denied on August 19, 2008, without an opinion.[1] Ex parte SouthernCare, Inc., 30 So.3d 474 (Ala.Civ.App.2008) (table). SouthernCare then filed a timely appeal from the denial of its motion directed to the “interim judgment.”
Cowart argues that SouthernCare’s appeal is due to be dismissed because it is an attempt to appeal from a nonfinal judgment. Cowart relies on Presiding Judge Thompson’s opinion concurring in the result in Ex parte Publix Super Markets, Inc., 963 So.2d 654, 661 (Ala.Civ.App.2007) (Thompson, P.J., concurring in the result):
“Initially, I note that a petition for a writ of mandamus is the appropriate method of review in this action. In Homes of Legend, Inc. v. O’Neal, 855 So.2d 536 (Ala.Civ.App.2003), this court determined that an order that held an employer to be liable for an injured employee’s medical treatment was not sufficiently final to support an appeal. See also Sign Plex v. Tholl, 863 So.2d 1113 (Ala.Civ.App.2003) (order determining whether injury was compensable was not sufficiently final to support an appeal). The trial court’s September 15, 2006, order, because it required Publix to provide medical treatment for the employee, was, in essence, a determination of the compensability of the employee’s injury No other rights of the parties were addressed in the September 15, 2006, order, and, therefore, that order was not a final judgment capable of supporting an appeal. Accordingly, the appropriate method for reviewing the trial court’s September 15, 2006, order is pursuant to a petition for a writ of mandamus. See Ex parte Brookwood Med. Ctr., Inc., 895 So.2d 1000 (Ala.Civ.App.2004) (reviewing a nonfinal order in a workers’ compensation action pursuant to a petition for a writ of mandamus); see also Ex parte Amerigas, 855 So.2d 544, 546 (Ala.Civ.App.2003) (‘Review by mandamus is not appropriate where the petitioner has another adequate remedy, such as an appeal.’).”
We agree with Cowart that Southern-Care’s appeal is due to be dismissed based on the holdings of Homes of Legend, Inc. v. O’Neal, 855 So.2d 536 (Ala.Civ.App.2003), and Sign Plex v. Tholl, 863 So.2d 1113 (Ala.Civ.App.2003).
APPEAL DISMISSED.
THOMPSON, P.J., and PITTMAN and BRYAN, JJ., concur.
THOMAS, J., dissents, with writing, which MOORE, J., joins.

. A petition for a writ of mandamus must be filed within a reasonable time; according to Rule 21(a), Ala. R.App. P., the presumptively reasonable period within which to file a petition for a writ of mandamus is the same 42-day period allowed for an appeal. According to our supreme court, however, a motion seeking reconsideration of an interlocutory order does not toll the time for taking an appeal and will not serve to prevent a petition for a writ of mandamus filed after the ruling on a motion to reconsider and more than 42 days after the entry of the interlocutory order being challenged from being considered presumptively untimely. See Ex parte Troutman Sanders, LLP, 866 So.2d 547, 550 (Ala.2003).