67 So.3d 136 (2011)
Ex parte COWABUNGA, INC., d/b/a Domino's Pizza
(In re Thomas W. Short v. Cowabunga, Inc., d/b/a Domino's Pizza.)
2090734.
Court of Civil Appeals of Alabama.
January 21, 2011.
*137 Anthony N. Fox and Robert M. Ronnlund of Scott, Sullivan, Streetman & Fox, P.C., Birmingham, for petitioner.
*138 James R. Bowles, Tallassee, for respondent.
PER CURIAM.
Cowabunga, Inc., d/b/a Domino's Pizza ("the employer"), filed a notice of appeal from an order entered by the Autauga Circuit Court ("the trial court") finding that Thomas W. Short ("the employee") had sustained an injury and that that injury is covered by the Alabama Workers' Compensation Act ("the Act"), Ala.Code 1975, § 25-5-1 et seq., and requiring the employer to pay for medical treatment recommended by the employee's authorized treating physician. We elect to treat the appeal as a petition for writ of mandamus; however, because the trial court's order does not contain findings of fact and conclusions of law, which we hold are required under the Act, the employer has not shown "a clear legal right to the relief sought." Ex parte Amerigas, 855 So.2d 544, 546 (Ala.Civ.App.2003). Therefore, we deny the employer's petition with instructions to the trial court to enter an order containing appropriate findings of fact and conclusions of law.
An appeal will lie only from a final judgment, i.e.,
"`a "terminal decision which demonstrates that there has been a complete adjudication of all matters in controversy between the litigants." Tidwell v. Tidwell, 496 So.2d 91, 92 (Ala.Civ.App. 1986). Further, the judgment must be conclusive and certain with all matters decided....'"
Williams Power, Inc. v. Johnson, 880 So.2d 459, 461 (Ala.Civ.App.2003) (quoting Dees v. State, 563 So.2d 1059, 1061 (Ala. Civ.App.1990)). An order that contains a finding that a worker has sustained an injury as the result of an accident arising out of and in the course of the worker's employment, thereby making the injury compensable under the Act, and that requires the payment of only medical benefits for that injury is not a final judgment. See SouthernCare, Inc. v. Cowart, [Ms. 2071117, July 31, 2009] 48 So.3d 632 (Ala. Civ.App.2009), writ quashed, Ex parte SouthernCare, Inc., [Ms. 1081550, May 14, 2010] 48 So.3d 635 (Ala.2010); Homes of Legend, Inc. v. O'Neal, 855 So.2d 536 (Ala. Civ.App.2003); and USA Motor Express, Inc. v. Renner, 853 So.2d 1019 (Ala.Civ. App.2003). Such an order does not completely adjudicate the workers' compensation claim of the worker because the order omits any terminal decision as to the disability benefits due the worker. O'Neal, 855 So.2d at 538.
Based on the nonfinal nature of the trial court's order in this case, the employee moves this court to dismiss the appeal. However, "[t]his court may elect to interpret the matter as a petition for a writ of mandamus, see Vesta Fire Ins. Corp. v. Liberty Nat'l Life Ins. Co., 893 So.2d 395 (Ala.Civ.App.2003)," which is "[t]he proper means of seeking appellate review of an interlocutory order in this court." Norman v. Norman, 984 So.2d 427, 429 (Ala.Civ.App.2007).
"Mandamus is an extraordinary remedy. An appellate court will grant a petition for a writ of mandamus only when `(1) the petitioner has a clear legal right to the relief sought; (2) the respondent has an imperative duty to perform and has refused to do so; (3) the petitioner has no other adequate remedy; and (4) this Court's jurisdiction is properly invoked.' Ex parte Flint Constr. Co., 775 So.2d 805, 808 (Ala.2000) (citing Ex parte Mercury Fin. Corp., 715 So.2d 196, 198 (Ala.1997))."
Ex parte Amerigas, 855 So.2d at 546. This court has jurisdiction to review interlocutory orders entered in workers' compensation cases when the remedy of appeal *139 would be inadequate. See Ex parte Alabama Power Co., 863 So.2d 1099, 1102 (Ala.Civ.App.2003). In this case, the employer moved both the trial court and this court to stay enforcement of the trial court's order. Both the trial court and this court denied the motions to stay; the trial court also required the employer to immediately provide payment of medical benefits on behalf of the employee with the employer's being subject to sanctions for its noncompliance. The employer thereafter obeyed the trial court's order and began paying the employee's medical benefits, and, presumably, it continues to do so. Awaiting review of the order by appeal would only force the employer to incur further expenses that it may not owe and that it may never recover from the employee who, as evidenced by the fact that the employer is now voluntarily paying temporary-total-disability benefits, is currently unable to earn wages. In light of those circumstances, we find that the employer's right to appeal the final judgment that will ultimately be entered in this case, which may not be entered for a year or more, is inadequate. See Amerigas, 855 So.2d at 547-48 (Murdock, J., concurring in the result) (implying that an appeal would be inadequate in a similar situation).
The employer essentially argues that it has a clear legal right to a judgment denying the compensability of the employee's injury and that the trial court, by finding the employee's back injury to be compensable and awarding medical expenses, has refused to grant the employer its proper relief. We, however, are unable to address those points because the trial court has failed to enter findings of fact and conclusions of law. Section 25-5-88, Ala. Code 1975, requires circuit courts, when deciding any controversy as to the right to benefits under the Act, to determine that controversy by filing with the clerk of the circuit court "a statement of the law and facts and conclusions as determined by [the] judge." In this case, the trial court decided the controversies regarding the compensability of the employee's injury and the right of the employee to medical benefits under the Act, but it did not file the requisite findings of fact and conclusions of law, stating in its judgment only that the employee had sustained a personal injury due to an accident arising out of and in the course of his employment on May 29, 2009, and ordering the employer to "approve the medical treatment recommended by the [employee's] authorized treating physician." This court has repeatedly reversed similar judgments for failing to apprise this court of the basis for the trial court's decision as contemplated by § 25-5-88. See, e.g., Belcher-Robinson Foundry, LLC v. Narr, 42 So.3d 774 (Ala. Civ.App.2010); and Grace v. Standard Furniture Mfg. Co., 29 So.3d 918 (Ala.Civ. App.2009).
In this case, the trial court, in its response to an order entered by this court directing the trial court to enter the appropriate findings of fact and conclusions of law, objected to this court's directive stating that such detail is required of only final judgments. Some dicta in a prior opinion of this court does support that position, see SCI Alabama Funeral Servs., Inc. v. Hester, 984 So.2d 1207, 1211 (Ala.Civ.App. 2007) (per curiam opinion with one judge concurring and four judges concurring in the result); however, the plain language of § 25-5-88 requires the making of findings of fact and conclusions of law as to every "determination" of a controversy regarding the right to benefits under the Act. In this case, the trial court effectively determined the controversies over the compensability of the employee's back injury and his right to have the employer pay for the medical treatment recommended by his authorized treating physician. By the *140 plain terms of § 25-5-88, the trial court was required to include a conclusive finding as to every fact responsive to the issues presented to and litigated by the parties as well as a recitation of the law applicable to those facts upon which the trial court relied in reaching its determination. See Fort James Holding Co. v. Morgan, 30 So.3d 458 (Ala.Civ.App.2009).
In its answer to the petition for a writ of mandamus,[1] the trial court stated that it had found that the employee had injured his back in a fall while working for the employer and that it had rejected as not credible a co-employee's testimony indicating that the employee had informed him that the employee's back injury had occurred while the employee was moving his personal furniture. The employee admitted that he had a longstanding prior lower-back problem for which he had received emergency-room treatment on March 23, 2009, and that he had moved his own furniture in April 2009. However, the trial court did not set forth any of its factual findings explaining why it discounted the testimony of the co-employee. Furthermore, the employer maintained at the hearing that, even if the employee had fallen at work, the medical and radiographic evidence indicated that he had not experienced any change in his already damaged lumbar spine, which had been documented in an earlier study from March 2009. See Hokes Bluff Welding & Fabrication v. Cox, 33 So.3d 592, 602-03 (Ala.Civ.App. 2008) (holding that undisputed radiological findings showing continuance of identical preexisting condition effectively disproved claim that lifting episode resulted in new or aggravated injury). The trial court has not addressed the employer's contention that the medical and radiological evidence conclusively proves that the fall did not medically cause an injury to the employee.
For the reasons stated earlier, we deny the employer's petition for the writ of mandamus. However, because of our holding in this opinion that the trial court must make findings of fact and conclusions of law, the trial court should now enter an order containing appropriate findings of fact and conclusions of law. Based on our holding in this opinion, once the trial court enters such an order, the employer may seek review of that order by filing a petition for the writ of mandamus in this court.
PETITION DENIED WITH INSTRUCTIONS.
THOMPSON, P.J., concurs.
PITTMAN, J., concurs in the result, without writing.
BRYAN, J., concurs in part and dissents in part, with writing.
MOORE, J., concurs in part and dissents in part, with writing, which THOMAS, J., joins.
BRYAN, Judge, concurring in part and dissenting in part.
I respectfully dissent from the main opinion insofar as it (1) determines that the trial court's order is subject to the requirements found in § 25-5-88, Ala. Code 1975, mandating findings of fact and conclusions of law and (2) requires the trial court to make findings of fact and conclusions of law pursuant to § 25-5-88. Section 25-5-88 provides, in pertinent part:
"At the hearing ... the [trial] court ... shall decide the controversy. This determination *141 shall be filed in writing with the clerk of [the trial] court, and judgment shall be entered thereon in the same manner as in civil actions tried in the [trial] court and shall contain a statement of the law and facts and conclusions as determined by [the trial] judge."
Section 25-5-88, by referencing a "judgment," requires a final judgment to contain findings of facts and conclusions of law. However, I do not read that section as requiring an interlocutory order, such as the one in this case, to contain findings of fact and conclusions of law. This court has stated, albeit in dicta, that § 25-5-88 applies to final judgments only. See Sign Plex v. Tholl, 863 So.2d 1113, 1117 (Ala. Civ.App.2003) ("Of course, because the trial court has not entered a final judgment in this case, § 25-5-88 has not yet come into play."); and SCI Alabama Funeral Servs., Inc. v. Hester, 984 So.2d 1207, 1211 (Ala.Civ.App.2007) (per curiam opinion with one judge concurring and four judges concurring in the result) (stating that "the trial court's failure to enter a final judgment precludes our consideration of the trial court's compliance with § 25-5-88"). Based on the plain language of § 25-5-88, I would hold that that section applies to final judgments only. I concur with the main opinion in all other respects.
MOORE, Judge, concurring in part and dissenting in part.
I agree that the trial court must enter appropriate findings of fact and conclusions of law. However, I believe that the order entered by the trial court constituted a final judgment from which an appeal, not a petition for a writ of mandamus, lies.
Section 25-5-81(a)(1), Ala.Code 1975, provides that a controversy between an employer and an employee regarding "the right to compensation ... or the amount thereof" shall be submitted to the circuit court in the county that would have jurisdiction of a civil action sounding in tort between the parties. Although "compensation" is defined, generally, so as not to include medical benefits, see Ala.Code 1975, § 25-5-1(1), § 25-5-77(a), Ala.Code 1975, provides that the same tribunal that decides a controversy as to compensation shall also decide controversies over medical benefits. See Ex parte Publix Super Markets, Inc., 963 So.2d 654, 658 (Ala.Civ. App.2007). The legislature did not provide any special procedure applicable to controversies over medical benefits, so it must be assumed that the legislature intended that the tribunal deciding those controversies would use the same procedure as is applicable to compensation controversies. See Ex parte Publix Super Markets, Inc., 963 So.2d at 658.
Section 25-5-88, Ala.Code 1975, provides that a circuit court to which the parties have submitted a dispute "shall decide the controversy" in writing and that the clerk of the circuit court shall enter judgment thereon.[2] Section 25-5-81(a)(1) provides that "[t]he decision of the judge *142 hearing the [controversy] shall be conclusive and binding between the parties, subject to the right of appeal provided for in this article." Section 25-5-81(e) provides that any aggrieved party may appeal within 42 days "[f]rom an order or judgment." Reading those three provisions together, it becomes apparent that the legislature envisioned that a judgment deciding a controversy submitted to a circuit court regarding the right to, or the amount of, benefits recoverable under the Workers' Compensation Act, § 25-5-1 et seq., Ala. Code 1975 ("the Act"), would be deemed final and appealable. SCI Alabama Funeral Servs., Inc. v. Hester, 984 So.2d 1207, 1212 (Ala.Civ.App.2007) (Moore, J., concurring in the result).
In the past, however, this court has not relied on the language of the Act; it has instead relied on the general rules relating to finality of judgments applicable to civil actions. Pursuant to § 12-22-2, Ala.Code 1975, an appeal from a judgment of a circuit court can be made only "[f]rom any final judgment." That language has long been read as preventing an appeal from an order that does not entirely put an end to the controversy between the parties as pleaded. See, e.g., First Alabama Bank of Montgomery, N.A. v. Martin, 381 So.2d 32 (Ala.1980); and In re Estate of Amason, 347 So.2d 393 (Ala.1977). Importing the requirements of § 12-22-2 into Alabama's workers' compensation laws, see Ex parte DCH Reg'l Med. Ctr., 571 So.2d 1162, 1164 (Ala.Civ.App.1990), this court has wrestled with whether a judgment awarding only some of the benefits available to an injured worker may be considered final. In many cases, this court has viewed orders similar to the one at issue in this case as being interlocutory in nature, see, e.g., SouthernCare, Inc. v. Cowart, [Ms. 2071117, July 31, 2009] 48 So.3d 632 (Ala.Civ.App.2009), writ quashed, Ex parte SouthernCare, Inc., [Ms. 1081550, May 14, 2010] 48 So.3d 635 (Ala.2010); SCI Alabama Funeral Servs., Inc., 984 So.2d 1207; Homes of Legend, Inc. v. O'Neal, 855 So.2d 536 (Ala. Civ.App.2003); USA Motor Express, Inc. v. Renner, 853 So.2d 1019 (Ala.Civ.App. 2003); and International Paper Co. v. Dempsey, 844 So.2d 1236 (Ala.Civ.App. 2002), while in other cases we have treated similar orders as final judgments, see Fluor Enters., Inc. v. Lawshe, 16 So.3d 96 (Ala.Civ.App.2009); BE & K, Inc. v. Weaver, 743 So.2d 476 (Ala.Civ.App.1999); Mike Makemson Logging v. Colburn, 600 So.2d 1049 (Ala.Civ.App.1992); and Ex parte DCH Reg'l Med. Ctr., 571 So.2d 1162 (Ala. Civ.App.1990). Those cases treating such an order as interlocutory appear to rest on the fact that the order did not completely adjudicate the entire workers' compensation "claim." However, § 25-5-88 does not require adjudication of the entire claim; it requires only a "determination" of the "controversy" or "controversies" submitted for resolution, which, obviously, may include only a part of the overall "claim."
Although civil cases may require a "complete adjudication" in order to satisfy the finality requirements of § 12-22-2, see Tidwell v. Tidwell, 496 So.2d 91, 92 (Ala. Civ.App.1986), the same is not true of workers' compensation cases.
"In enacting the workers' compensation laws, the legislature created a wholly new and different remedy unlike the right to civil damages existing under the common law. See Ex parte Publix Super Markets, Inc., 963 So.2d 654, 658 (Ala.Civ.App.2007). The legislature also created procedures unique to workers' compensation law to enforce that remedy. See Birmingham Belt R.R. v. Ellenburg, *143 215 Ala. 395, 396, 111 So. 219, 220 (1926) (`Without further analysis of the matter, we think compensation proceedings are quite as distinct in purpose and procedure from the ordinary action of law as is a suit at law from a suit in equity.'). The rules of procedure applicable to ordinary civil actions do not apply to the extent that they conflict with the procedure set out in the Workers' Compensation Act. See Rule 81(a)(31), Ala. R. Civ. P.; Pittman Constr. Co. v. Boles, 233 Ala. 187, 188, 171 So. 268, 268 (1936) (`It must be noted that the procedure under this act is governed by its terms and requirements and not by the ordinary method of procedure.')."
SCI Alabama Funeral Servs., Inc., 984 So.2d at 1212 (Moore, J., concurring in the result). Because the legislature has specified that an order or judgment determining a controversy as to the right to, or the amount of, benefits due under the Act is final and appealable, this court should never have turned to any other test for determining the finality of a workers' compensation judgment.
The March 15, 2010, order entered by the trial court satisfies all the tests for finality established in the Act. The parties essentially submitted two controversies to the trial court: (1) Did the employee sustain an accident arising out of and in the course of his employment on May 29, 2009? and (2) Did that accident result in an injury for which the employee requires the medical treatment recommended by his authorized treating physician? The trial court resolved both of those issues in favor of the employee[3] and ordered the employer to approve and pay for the treatment recommended by the employee's authorized treating physician.[4] Having "decide[d] the controvers[ies]," the order entered by the trial court became "`conclusive and binding,' i.e., final, and `subject to the right of appeal,' i.e., appealable." SCI Alabama Funeral Servs., Inc., 984 So.2d at 1212 (Moore, J., concurring in the result).
If an order finding an injury compensable and awarding medical benefits were not final within the meaning of the Act, the only potential method for appellate review of such an order would lie in the petition for a writ of mandamus, which applies to interlocutory orders. See Ex parte Alabama Power Co., 863 So.2d 1099 (Ala.Civ. App.2003). However, it is not "`"the *144 proper function of [a petition for a writ of mandamus] to re-examine, or correct errors in any judgment or decree...."'" Ex parte C & D Logging, 3 So.3d 930, 936 (Ala.Civ.App.2008) (quoting State v. Cobb, 288 Ala. 675, 678, 264 So.2d 523, 526 (1972), quoting in turn State v. Williams, 69 Ala. 311, 316 (1881)). A petition for the writ of mandamus, unlike an appeal or a petition for the writ of certiorari, may not be granted for the purpose of reviewing a final judgment or order. See Ex parte Amerigas, 855 So.2d 544, 547 (Ala.Civ.App. 2003). A petition for a writ of mandamus "`cannot be used as a substitute for an appeal.'" Ex parte Southeast Alabama Med. Ctr., 835 So.2d 1042, 1045 (Ala.Civ. App.2002) (quoting Ex parte Empire Fire & Marine Ins. Co., 720 So.2d 893, 894 (Ala.1998)). Thus, this court cannot use a petition for a writ of mandamus to determine whether a circuit court appropriately found a worker's injury to be compensable and properly awarded medical benefits on account of that injury. Ex parte C & D Logging, 3 So.3d at 937. To the extent the main opinion concludes otherwise, I respectfully dissent.
Because of the unavailability of any other method of review, an order or judgment deciding all present controversies surrounding an injured worker's right to medical benefits should be subject to appeal, regardless of whether such an order or judgment would be characterized as being nonfinal, interlocutory, or interim under civil law. Otherwise, as happened in this case, an employer could be subject to an immediately enforceable judgment worth many thousands of dollars. If the finality of that order or judgment depends on resolution of issues not even ripe for consideration, such as whether to award permanent-disability benefits, see Ex parte DCH Reg'l Med. Ctr., 571 So.2d at 1164-65, or issues not even in controversy, such as the amount of temporary-total-disability benefits due the injured worker, the employer may only obtain appellate review, if ever, long after the medical benefits have been expended and after any error in awarding those benefits probably cannot be fully remedied. Meanwhile, the injured worker may forego securing other financial resources to redress the injury in reliance on an erroneous order and find himself or herself subject to a large judgment for reimbursement of the compensation and medical benefits paid by his or her employer. See Hedgemon v. United Parcel Serv., Inc., 832 So.2d 656 (Ala.Civ.App.2002).
On the other hand, the appeal of an order or judgment may delay the receipt by an injured worker of needed medical benefits, which delay would be contrary to the general purpose of the workers' compensation laws. See Brown v. Murray Sec. Guard Co., 404 So.2d 79, 81 (Ala.Civ. App.1981). In Ex parte Lumbermen's Underwriting Alliance, 662 So.2d 1133 (Ala. 1995), our supreme court addressed the same basic concern in relation to the stay of compensation payments during appeals. After noting that several states do not allow for stays of judgments awarding compensation payments, 662 So.2d at 1137 n. 3, the supreme court stated:
"This is an area of workers' compensation law that the Alabama Legislature might wish to address by a statute requiring that an employer make a showing of `irreparable harm,' in addition to filing a supersedeas bond, in order to obtain a stay of a judgment in favor of an injured worker."
662 So.2d at 1137. The supreme court correctly recognized that the problem of properly balancing an injured worker's need for immediate benefits against an employer's right to appeal remains a subject exclusively within the province of the legislature. Thus, it is the legislature, not this court, that may provide any mechanism *145 by which an injured worker can avoid the delays concomitant with the appeals process.
I note, however, that in Ex parte Lumbermen's Underwriting Alliance, supra, the supreme court refused to issue a writ of mandamus directing the lower court to dismiss a tort-of-outrage action the injured worker had filed against the employer's workers' compensation administrator for allegedly frivolously appealing a workers' compensation judgment and using the stay as a means to coerce a favorable postjudgment settlement. That holding signals that civil liability may be imposed on an employer or other workers' compensation payor that wrongfully uses the appeals process to intentionally inflict emotional distress on an injured worker. I further note that the withholding of necessary medical treatment causes only increased and prolonged injury and disability that, if the injury is compensable, will only add to the ultimate costs of the claim. See, e.g., Team America of Tennessee v. Stewart, 998 So.2d 483, 488 (Ala.Civ.App. 2008) (affirming a judgment finding an employer, that for 31 months had unreasonably failed to provide a panel of 4 orthopedic surgeons, liable for temporary-partial-disability benefits accruing in the meantime). Those considerations should prevent employers from needlessly filing appeals of awards of medical benefits until the legislature acts.
As it stands, the legislature has spoken on the matter and has decided that, when a circuit court enters an order deciding a controversy as to the compensability of an injury and adjudicates the right of an injured worker to medical benefits, that order is final and appealable although it does not completely resolve the entirety of the workers' compensation claim. Therefore, I believe this court should overrule those cases in conflict with the plain language of § 25-5-88 and that we should henceforward treat orders like the one entered in this case as final judgments.
The trial court objected to filing findings of fact and conclusions of law on the sole basis that it believed that its judgment was not final. Having concluded that the judgment is final, I see no need to address the applicability of § 25-5-88 to nonfinal judgments as the main opinion and Judge Bryan's writing do. I do, however, concur with the main opinion that the judgment does not satisfy § 25-5-88 for the reasons set forth in that opinion.
THOMAS, J., concurs.
NOTES
[1] On October 25, 2010, this court entered an order notifying the trial court that this court had opted to treat the employer's appeal as a petition for the writ of mandamus and allowing the trial court to file an answer, if it wished to do so. The trial court responded by filing an answer on October 26, 2010.
[2] Section 25-5-88 specifically provides that a "judgment shall be entered thereon in the same manner as in civil actions tried in the said circuit court...." In his writing, Judge Bryan interprets this clause as mandating that only "final judgments" shall be entered by the clerk of the court, presumably referring to orders meeting the requirements of Ala.Code 1975, § 12-22-2. However, I read this clause merely as directing the clerks of the circuit courts that, once they receive a written determination of a controversy in a workers' compensation case, they must enter judgment on that controversy just as they would enter judgment in a civil action, i.e., by inputting the judgment into the State Judicial Information System. See Rule 58(c), Ala. R. Civ. P. I do not discern from this clause any legislative intent to import the finality requirements from civil actions into the workers' compensation laws.
[3] Had the trial court found in favor of the employer, the employee would have had a right to an immediate appeal because the judgment would have fully and finally concluded the claim. See, e.g., Mitchell v. Robinson Foundry, Inc., 603 So.2d 1048 (Ala.Civ. App.1992). It seems incongruous to hold that an employee can immediately appeal an adverse compensability determination but that an employer cannot.
[4] On appeal, the employer does not question the authority of the trial court to enter an order requiring immediate payment of medical benefits upon notice, a hearing, and sufficient evidence. It should be noted that such a procedure is unknown in civil cases. An injured plaintiff cannot petition a court to find a defendant liable for his or her injuries and order the defendant to pay the plaintiff's ongoing medical expenses in advance of a final assessment of damages. Hence, the question whether such an order would be final and appealable under § 12-22-2 has never arisen. Some caselaw suggests that such an order would be final and appealable. See Ex parte Elyton Land Co., 104 Ala. 88, 91, 15 So. 939, 940 (1893) ("The test of the finality of a decree to support an appeal is not whether the cause remains in fieri, in some respects, in the court of chancery, awaiting further proceedings, necessary to entitle the parties to the full measure of the rights it has been declared they have; but whether the decree which has been rendered, ascertains and declares these rightsif these are ascertained and adjudged, the decree is final, and will support an appeal.").