MOORE, Judge,
concurring in part and dissenting in part.
I agree that the trial court must enter appropriate findings of fact and conclusions of law. However, I believe that the order entered by the trial court constituted a final judgment from which an appeal, not a petition for a writ of mandamus, lies.
Section 25 — 5—81(a)(1), Ala.Code 1975, provides that a controversy between an employer and an employee regarding “the right to compensation ... or the amount thereof’ shall be submitted to the circuit court in the county that would have jurisdiction of a civil action sounding in tort between the parties. Although “compensation” is defined, generally, so as not to include medical benefits, see Ala.Code 1975, § 25-5-1(1), § 25-5-77(a), Ala.Code 1975, provides that the same tribunal that decides a controversy as to compensation shall also decide controversies over medical benefits. See Ex parte Publix Super Markets, Inc., 963 So.2d 654, 658 (Ala.Civ.App.2007). The legislature did not provide any special procedure applicable to controversies over medical benefits, so it must be assumed that the legislature intended that the tribunal deciding those controversies would use the same procedure as is applicable to compensation controversies. See Ex parte Publix Super Markets, Inc., 963 So.2d at 658.
Section 25-5-88, Ala.Code 1975, provides that a circuit court to which the parties have submitted a dispute “shall decide the controversy” in writing and that the clerk of the circuit court shall enter judgment thereon.[2] Section 25-5-81(a)(l) provides that “[t]he decision of the judge *142 hearing the [controversy] shall be conclusive and binding between the parties, subject to the right of appeal provided for in this article.” Section 25-6-81 (e) provides that any aggrieved party may appeal within 42 days “[fjrom an order or judgment.” Reading those three provisions together, it becomes apparent that the legislature envisioned that a judgment deciding a controversy submitted to a circuit court regarding the right to, or the amount of, benefits recoverable under the Workers’ Compensation Act, § 25-5-1 et seq., Ala. Code 1975 (“the Act”), would be deemed final and appealable. SCI Alabama Funeral Servs., Inc. v. Hester, 984 So.2d 1207, 1212 (Ala.Civ.App.2007) (Moore, J., concurring in the result).
In the past, however, this court has not relied on the language of the Act; it has instead relied on the general rules relating to finality of judgments applicable to civil actions. Pursuant to § 12-22-2, Ala.Code 1975, an appeal from a judgment of a circuit court can be made only “[f]rom any final judgment.” That language has long been read as preventing an appeal from an order that does not entirely put an end to the controversy between the parties as pleaded. See, e.g., First Alabama Bank of Montgomery, N.A. v. Martin, 381 So.2d 32 (Ala.1980); and In re Estate of Amason, 347 So.2d 393 (Ala.1977). Importing the requirements of § 12-22-2 into Alabama’s workers’ compensation laws, see Ex parte DCH Reg’l Med. Ctr., 571 So.2d 1162, 1164 (Ala.Civ.App.1990), this court has wrestled with whether a judgment awarding only some of the benefits available to an injured worker may be considered final. In many cases, this court has viewed orders similar to the one at issue in this case as being interlocutory in nature, see, e.g., SouthernCare, Inc. v. Cowart, 48 So.3d 632 (Ala.Civ.App.2009), writ quashed, Ex parte SouthernCare, Inc., 48 So.3d 635 (Ala.2010); SCI Alabama Funeral Servs., Inc., 984 So.2d 1207; Homes of Legend, Inc. v. O’Neal, 855 So.2d 536 (Ala.Civ.App.2003); USA Motor Express, Inc. v. Renner, 853 So.2d 1019 (Ala.Civ.App.2003); and International Paper Co. v. Dempsey, 844 So.2d 1236 (Ala.Civ.App.2002), while in other cases we have treated similar orders as final judgments, see Fluor Enters., Inc. v. Lawshe, 16 So.3d 96 (Ala.Civ.App.2009); BE & K, Inc. v. Weaver, 743 So.2d 476 (Ala.Civ.App.1999); Mike Makemson Logging v. Colburn, 600 So.2d 1049 (Ala.Civ.App.1992); and Ex parte DCH Reg’l Med. Ctr., 571 So.2d 1162 (Ala.Civ.App.1990). Those cases treating such an order as interlocutory appear to rest on the fact that the order did not completely adjudicate the entire workers’ compensation “claim.” However, § 25-5-88 does not require adjudication of the entire claim; it requires only a “determination” of the “controversy” or “controversies” submitted for resolution, which, obviously, may include only a part of the overall “claim.”
Although civil cases may require a “complete adjudication” in order to satisfy the finality requirements of § 12-22-2, see Tidwell v. Tidwell, 496 So.2d 91, 92 (Ala.Civ.App.1986), the same is not true of workers’ compensation cases.
“In enacting the workers’ compensation laws, the legislature created a wholly new and different remedy unlike the right to civil damages existing under the common law. See Ex parte Publix Super Markets, Inc., 963 So.2d 654, 658 (Ala.Civ.App.2007). The legislature also created procedures unique to workers’ compensation law to enforce that remedy. See Birmingham Belt R.R. v. El *143 lenburg, 215 Ala. 395, 896, 111 So. 219, 220 (1926) (“Without further analysis of the matter, we think compensation proceedings are quite as distinct in purpose and procedure from the ordinary action of law as is a suit at law from a suit in equity.’). The rules of procedure applicable to ordinary civil actions do not apply to the extent that they conflict with the procedure set out in the Workers’ Compensation Act. See Rule 81(a)(31), Ala. R. Civ. P.; Pittman Constr. Co. v. Boles, 233 Ala. 187, 188, 171 So. 268, 268 (1936) (“It must be noted that the procedure under this act is governed by its terms and requirements and not by the ordinary method of procedure.’).”
SCI Alabama Funeral Servs., Inc., 984 So.2d at 1212 (Moore, J., concurring in the result). Because the legislature has specified that an order or judgment determining a controversy as to the right to, or the amount of, benefits due under the Act is final and appealable, this court should never have turned to any other test for determining the finality of a workers’ compensation judgment.
The March 15, 2010, order entered by the trial court satisfies all the tests for finality established in the Act. The parties essentially submitted two controversies to the trial court: (1) Did the employee sustain an accident arising out of and in the course of his employment on May 29, 2009? and (2) Did that accident result in an injury for which the employee requires the medical treatment recommended by his authorized treating physician? The trial court resolved both of those issues in favor of the employee[3] and ordered the employer to approve and pay for the treatment recommended by the employee’s authorized treating physician.[4] Having “decide[d] the controversies],” the order entered by the trial court became “‘conclusive and binding,’ i.e., final, and ‘subject to the right of appeal,’ i.e., appeal-able.” SCI Alabama Funeral Servs., Inc., 984 So.2d at 1212 (Moore, J., concurring in the result).
If an order finding an injury compensa-ble and awarding medical benefits were not final within the meaning of the Act, the only potential method for appellate review of such an order would lie in the petition for a writ of mandamus, which applies to interlocutory orders. See Ex parte Alabama Power Co., 863 So.2d 1099 (Ala.Civ.App.2003). However, it is not “ ‘ “the *144 proper function of [a petition for a writ of mandamus] to re-examine, or correct errors in any judgment or decree Ex parte C & D Logging, 3 So.3d 930, 936 (Ala.Civ.App.2008) (quoting State v. Cobb, 288 Ala. 675, 678, 264 So.2d 523, 526 (1972), quoting in turn State v. Williams, 69 Ala. 311, 316 (1881)). A petition for the writ of mandamus, unlike an appeal or a petition for the writ of certiorari, may not be granted for the purpose of reviewing a final judgment or order. See Ex parte Amerigas, 855 So.2d 544, 547 (Ala.Civ.App.2003). A petition for a writ of mandamus “ ‘cannot be used as a substitute for an appeal.’ ” Ex parte Southeast Alabama Med. Ctr., 835 So.2d 1042, 1045 (Ala.Civ.App.2002) (quoting Ex parte Empire Fire & Marine Ins. Co., 720 So.2d 893, 894 (Ala.1998)). Thus, this court cannot use a petition for a writ of mandamus to determine whether a circuit court appropriately found a worker’s injury to be compensable and properly awarded medical benefits on account of that injury. Ex parte C & D Logging, 3 So.3d at 937. To the extent the main opinion concludes otherwise, I respectfully dissent.
Because of the unavailability of any other method of review, an order or judgment deciding all present controversies surrounding an injured worker’s right to medical benefits should be subject to appeal, regardless of whether such an order or judgment would be characterized as being nonfinal, interlocutory, or interim under civil law. Otherwise, as happened in this case, an employer could be subject to an immediately enforceable judgment worth many thousands of dollars. If the finality of that order or judgment depends on resolution of issues not even ripe for consideration, such as whether to award permanent-disability benefits, see Ex parte DCH Reg’l Med. Ctr., 571 So.2d at 1164-65, or issues not even in controversy, such as the amount of temporary-total-disability benefits due the injured worker, the employer may only obtain appellate review, if ever, long after the medical benefits have been expended and after any error in awarding those benefits probably cannot be fully remedied. Meanwhile, the injured worker may forego securing other financial resources to redress the injury in reliance on an erroneous order and find himself or herself subject to a large judgment for reimbursement of the compensation and medical benefits paid by his or her employer. See Hedgemon v. United Parcel Serv., Inc., 832 So.2d 656 (Ala.Civ.App.2002).
On the other hand, the appeal of an order or judgment may delay the receipt by an injured worker of needed medical benefits, which delay would be contrary to the general purpose of the workers’ compensation laws. See Brown v. Murray Sec. Guard Co., 404 So.2d 79, 81 (Ala.Civ.App.1981). In Ex parte Lumbermen’s Underwriting Alliance, 662 So.2d 1133 (Ala.1995), our supreme court addressed the same basic concern in relation to the stay of compensation payments during appeals. After noting that several states do not allow for stays of judgments awarding compensation payments, 662 So.2d at 1137 n. 3, the supreme court stated:
“This is an area of workers’ compensation law that the Alabama Legislature might wish to address by a statute requiring that an employer make a showing of ‘irreparable harm,’ in addition to filing a supersedeas bond, in order to obtain a stay of a judgment in favor of an injured worker.”
662 So.2d at 1137. The supreme court correctly recognized that the problem of properly balancing an injured worker’s need for immediate benefits against an employer’s right to appeal remains a subject exclusively within the province of the legislature. Thus, it is the legislature, not this court, that may provide any mecha *145 nism by which an injured worker can avoid the delays concomitant with the appeals process.
I note, however, that in Ex parte Lumbermen’s Underwriting Alliance, supra, the supreme court refused to issue a writ of mandamus directing the lower court to dismiss a tort-of-outrage action the injured worker had filed against the employer’s workers’ compensation administrator for allegedly frivolously appealing a workers’ compensation judgment and using the stay as a means to coerce a favorable post-judgment settlement. That holding signals that civil liability may be imposed on an employer or other workers’ compensation payor that wrongfully uses the appeals process to intentionally inflict emotional distress on an injured worker. I further note that the withholding of necessary medical treatment causes only increased and prolonged injury' and disability that, if the injury is compensable, will only add to the ultimate costs of the claim. See, e.g., Team America of Tennessee v. Stewart, 998 So.2d 483, 488 (Ala.Civ.App.2008) (affirming a judgment finding an employer, that for 31 months had unreasonably failed to provide a panel of 4 orthopedic surgeons, liable for temporary-partial-disability benefits accruing in the meantime). Those considerations should prevent employers from needlessly filing appeals of awards of medical benefits until the legislature acts.
As it stands, the legislature has spoken on the matter and has decided that, when a circuit court enters an order deciding a controversy as to the compensability of an injury and adjudicates the right of an injured worker to medical benefits, that order is final and appealable although it does not completely resolve the entirety of the workers’ compensation claim. Therefore, I believe this court should overrule those cases in conflict with the plain language of § 25-5-88 and that we should henceforward treat orders like the one entered in this ease as final judgments.
The trial court objected to filing findings of fact and conclusions of law on the sole basis that it believed that its judgment was not final. Having concluded that the judgment is final, I see no need to address the applicability of § 25-5-88 to nonfinal judgments as the main opinion and Judge Bryan’s writing do. I do, however, concur with the main opinion that the judgment does not satisfy § 25-5-88 for the reasons set forth in that opinion.
THOMAS, J., concurs.

. Section 25-5-88 specifically provides that a "judgment shall be entered thereon in the same manner as in civil actions tried in the said circuit court_” In his writing, Judge Bryan interprets this clause as mandating that only “final judgments” shall be entered by the clerk of the court, presumably referring to orders meeting the requirements of Ala.Code 1975, § 12-22-2. However, I read this clause merely as directing the clerks of the circuit courts that, once they receive a written determination of a controversy in a workers' compensation case, they must enter judgment on that controversy just as they would enter judgment in a civil action, i.e., by inputting the judgment into the State Judicial Information System. See Rule 58(c), Ala. R. Civ. P. I do not discern from this clause any legislative intent to import the finality requirements *142 from civil actions into the workers’ compensation laws.

. Had the trial court found in favor of the employer, the employee would have had a right to an immediate appeal because the judgment would have fully and finally concluded the claim. See, e.g., Mitchell v. Robinson Foundry, Inc., 603 So.2d 1048 (Ala.Civ.App.1992). It seems incongruous to hold that an employee can immediately appeal an adverse compensability determination but that an employer cannot.

. On appeal, the employer does not question the authority of the trial court to enter an order requiring immediate payment of medical benefits upon notice, a hearing, and sufficient evidence. It should be noted that such a procedure is unknown in civil cases. An injured plaintiff cannot petition a court to find a defendant liable for his or her injuries and order the defendant to pay the plaintiff's ongoing medical expenses in advance of a final assessment of damages. Hence, the question whether such an order would be final and appealable under § 12-22-2 has never arisen. Some caselaw suggests that such an order would be final and appealable. See Ex parte Elyton Land Co., 104 Ala. 88, 91, 15 So. 939, 940 (1893) ("The test of the finality of a decree to support an appeal is not whether the cause remains in fieri, in some respects, in the court of chancery, awaiting further proceedings, necessary to entitle the parties to the full measure of the rights it has been declared they have; but whether the decree which has been rendered, ascertains and declares these rights — if these are ascertained and adjudged, the decree is final, and will support an appeal.”).