THOMAS, Judge.
 

 Joseph Grace was employed as a forklift operator by Standard Furniture Manufacturing Company, Inc. (“Standard”), on November 8, 2005, when Grace was injured in an accident involving a forklift. Grace had surgery as a result of his injuries, and he was given permanent restrictions by his physician that prevented him from continuing his employment as a forklift operator. Standard reassigned Grace to a position in the furniture-assembly line. Grace sued Standard in January 2005, seeking workers’ compensation benefits. After a trial on September 29, 2008, the trial court entered the following judgment:
 

 “This matter having come before this Court for trial on September 29, 2008[,] and the Court having heard the testimony finds, based on the evidence presented, in favor of [Standard].”
 

 Grace appeals. He first argues that the trial court’s judgment fails to comply with Ala.Code 1975, § 25-5-88, which requires a trial court to make findings of fact and conclusions of law in workers’ compensation judgments. Standard argues that, based on a stipulation of the parties, the trial court was concerned with only one issue — whether Ala.Code 1975, § 25 — 6—57(a)(3)i., applied to Grace’s claim — and that, because it had only that one issue before it, we should consider the judgment to be “merely meager or omis-sive” and review it by considering whether it could be supported by the evidence at trial.
 
 See, e.g., Werner Co. v. Williams,
 
 871 So.2d 845, 853 (Ala.Civ.App.2003) (“To the extent some of the findings of the trial
 
 *920
 
 court may be meager or omissive, we note that a reversal is not required. Instead, we merely conduct the same review as we would of more specific factual findings to determine whether the ultimate finding made by the trial court is supported by substantial evidence.”); and
 
 McCutcheon v. Champion Int'l Corp.,
 
 628 So.2d 742, 743 (Ala.Civ.App.1993) (“If the trial court’s findings are meager or omissive, this court may look to the record to determine if the trial court’s judgment should be upheld.”).
 

 Our review of the record does not reveal that the parties stipulated that the trial court was limited to determining only whether § 25-5-57(a)(3)i. applied to Grace’s claim. The parties stipulated that the accident occurred in Baldwin County, that the accident arose out of Grace’s employment with Standard, and that the accident occurred during the course and scope of the employment. The “stipulation” regarding § 25-5-57(a)(3)i. that Standard relies upon is the following statement by Standard’s counsel at trial: “I don’t know why we would need to get into that unless — in a sense, [Grace’s counsel] has already stipulated it’s a real job by stipulating the statute controls, but we also can show that through [Grace’s] testimony.” We cannot agree that that statement is a stipulation of the parties that the only issue to be decided by the trial court was whether § 25-5-57(a)(3)i. applied to Grace’s claim.
 

 “A stipulation is defined as a
 
 ‘voluntary agreement between opposing counsel
 
 concerning disposition of some relevant point so as to obviate need for proof or to narrow range of litigable issues.’ ”
 
 Evans v. Alabama Prof'l Health Consultants, Inc.,
 
 474 So.2d 86, 88 (Ala.1985) (quoting
 
 Black’s Law Dictionary
 
 1269 (rev. 5th ed.1979), quoting in turn
 
 Arrington v. State,
 
 233 So.2d 634, 636 (Fla.1970))(em-phasis added in Evans). Our supreme court has also “explained that one [making a stipulation] must make a ‘distinct, formal solemn admission made for the express purpose of relieving [the opposing party] from establishing’ an element of his claim or defense.”
 
 George H. Lanier Mem’l Hosp. v. Andrews,
 
 901 So.2d 714, 725 (Ala.2004) (quoting
 
 Cook v. Morton,
 
 254 Ala. 112, 116, 47 So.2d 471, 475 (1950)). A remark by one counsel that another has “in a sense” stipulated to a certain fact or regarding a certain issue is not proof of a voluntary agreement between the two counsel, and it is not a “distinct, formal solemn admission.” The record reflects that Standard’s counsel had entered into stipulations on the record. The record is devoid of any stipulations by Grace’s counsel.
 

 Alabama law has long required only substantial compliance with § 25-5-88 and has long held that meager and omissive findings of facts or conclusions of law do not necessarily require a reversal of a workers’ compensation judgment.
 
 See Ex parte Curry,
 
 607 So.2d 230, 232 (Ala.1992);
 
 Calvert v. Funderburg,
 
 284 Ala. 311, 224 So.2d 664 (1969) (construing
 
 the
 
 predecessor statute to § 25-5-88). However, Alabama courts have also held that a judgment devoid of any findings of facts or conclusions of law as to a particular issue is wholly insufficient under § 25-5-88.
 

 “ ‘The purpose of Ala.Code 1975, § 25-5-88, is to “ensure sufficiently detailed findings so that the appellate court can determine whether the judgment is supported by the facts.” ’
 
 Farris v. St. Vincent’s Hosp.,
 
 624 So.2d 183, 185 (Ala.Civ.App.1993) (quoting
 
 Elbert Greeson Hosiery Mills, Inc. v. Ivey,
 
 472 So.2d 1049, 1052 (Ala.Civ.App.1985)). ‘[T]he trial court has a duty to make a finding on each issue presented and litigated before it. In instances where the trial court fails to make a finding responsive
 
 *921
 
 to the issue presented, the case must be reversed.’
 
 Thomas v. Gold Kist, Inc.,
 
 628 So.2d 864, 867 (Ala.Civ.App.1993); see also
 
 Harbin v. United States Steel Corp.,
 
 356 So.2d 179 (Ala.Civ.App.1978); and
 
 Dun & Bradstreet Corp. v. Jones,
 
 678 So.2d 181 (Ala.Civ.App.1996). In
 
 Harbin v. United States Steel Corp.,
 
 this court reversed the trial court’s judgment and remanded the case because the trial court had failed to address or to make findings regarding the issue of notice of injury to the employer, despite the issue being presented and litigated. In
 
 Harbin,
 
 this court stated:
 

 “ ‘In the present case the question of whether Harbin notified his employer of his injury was pleaded, contested and submitted to the trial court for its determination. Despite this fact there was no finding made on this issue in the court’s original judgment. Nonetheless, Harbin maintains that the absence of a finding of notice of injury does not require reversal since a number of Alabama cases have held that when a finding of the trial court is merely meager or omissive, the reviewing court may examine the evidence in order to decide if the trial court’s judgment can be sustained.
 
 E.g., West Point Mfg. Co. v. Bennett,
 
 263 Ala. 571, 83 So.2d 303 (1955);
 
 Alabama Textile Products Corp. v. Grantham,
 
 263 Ala. 179, 82 So.2d 204 (1955). However, such is not the rule when, as here, there was no finding made on the issue in question.’
 

 “356 So.2d at 181-82.”
 

 Equipment Sales Corp. v. Gwin, 4
 
 So.3d 1125, 1129-30 (Ala.Civ.App.2008).
 

 As our supreme court explained in discussing the precursor statute to § 25-5-88:
 

 “In
 
 Ex parte Sloss-Sheffield Steel & Iron, Co. (Greek’s Case),
 
 207 Ala. 219, 92 So. 458, 459 [ (1922) ], we said of the provisions of law just quoted, § 28, Act 1919, pp. 206-239, as follows: ‘The required statement of law, facts, and conclusions is necessary to make serviceable the review by certiorari which the statute provides .... ’ And in
 
 Bryant v. Central Foundry Co.,
 
 217 Ala. 332, 116 So. 345 [(1928)], it was said of § 7578, Code 1923, a progenitor of § 304, Title 26:
 

 “ ‘...
 
 The statute contemplates,
 
 not a recital of the evidence, with its conflicting lights and tendencies, but
 
 a determination by the trial judge of the facts established by the evidence, responsive to the issues presented, with the conclusion as to whether the facts found establish or fail to establish the liability asserted; and there should be a finding of every fact necessary to sustain the judgment of the court
 
 ....’”
 

 Calvert,
 
 284 Ala. at 314, 224 So.2d at 666 (some emphasis added; some emphasis in
 
 Calvert).
 

 The trial court’s judgment in the present case is not merely meager or omissive. The judgment makes not one finding of fact or conclusion of law relating to Grace’s workers’ compensation claim. Even were we to agree that the only issue presented to the trial court for its determination was whether § 25-5-57(a)(3)i. applied to Grace’s claim, the judgment does not mention one fact relevant to the decision as to whether that statute applies. The “meager or omissive” doctrine was not intended to apply to a judgment that contains no findings of facts or conclusions of law. Such a judgment is not merely meager or omissive, and it cannot be said to be in substantial compliance with § 25-5-88. Therefore, we reverse the trial court’s judgment and remand the cause for the
 
 *922
 
 trial court to enter a judgment in compliance with § 25-5-88.
 

 REVERSED AND REMANDED WITH INSTRUCTIONS.
 

 THOMPSON, P.J., and PITTMAN, BRYAN, and MOORE, JJ., concur.