*138 PER CURIAM.
Cowabunga, Inc., d/b/a Domino’s Pizza (“the employer”), filed a notice of appeal from an order entered by the Autauga Circuit Court (“the trial court”) finding that Thomas W. Short (“the employee”) had sustained an injury and that that injury is covered by the Alabama Workers’ Compensation Act (“the Act”), Ala.Code 1975, § 25-5-1 et seq., and requiring the employer to pay for medical treatment recommended by the employee’s authorized treating physician. We elect to treat the appeal as a petition for writ of mandamus; however, because the trial court’s order does not contain findings of fact and conclusions of law, which we hold are required under the Act, the employer has not shown “a clear legal right to the relief sought.” Ex parte Amerigas, 855 So.2d 544, 546 (Ala.Civ.App.2003). Therefore, we deny the employer’s petition with instructions to the trial court to enter an order containing appropriate findings of fact and conclusions of law.
An appeal will lie only from a final judgment, i.e.,
“‘a “terminal decision which demonstrates that there has been a complete adjudication of all matters in controversy between the litigants.” Tidwell v. Tidwell, 496 So.2d 91, 92 (Ala.Civ.App.1986). Further, the judgment must be conclusive and certain with all matters decided....’ ”
Williams Power, Inc. v. Johnson, 880 So.2d 459, 461 (Ala.Civ.App.2003) (quoting Dees v. State, 563 So.2d 1059, 1061 (Ala.Civ.App.1990)). An order that contains a finding that a worker has sustained an injury as the result of an accident arising out of and in the course of the worker’s employment, thereby making the injury compensable under the Act, and that requires the payment of only medical benefits for that injury is not a final judgment. See SouthernCare, Inc. v. Cowart, 48 So.3d 632 (Ala.Civ.App.2009), writ quashed, Ex parte SouthernCare, Inc., 48 So.3d 635 (Ala.2010); Homes of Legend, Inc. v. O’Neal, 855 So.2d 536 (Ala.Civ.App.2003); and USA Motor Express, Inc. v. Renner, 853 So.2d 1019 (Ala.Civ.App.2003). Such an order does not completely adjudicate the workers’ compensation claim of the worker because the order omits any terminal decision as to the disability benefits due the worker. O’Neal, 855 So.2d at 538.
Based on the nonfinal nature of the trial court’s order in this case, the employee moves this court to dismiss the appeal. However, “[t]his court may elect to interpret the matter as a petition for a writ of mandamus, see Vesta Fire Ins. Corp. v. Liberty Nat’l Life Ins. Co., 893 So.2d 395 (Ala.Civ.App.2003),” which is “[t]he proper means of seeking appellate review of an interlocutory -order in this court.” Norman v. Norman, 984 So.2d 427, 429 (Ala.Civ.App.2007).
“Mandamus is an extraordinary remedy. An appellate court will grant a petition for a writ of mandamus only when ‘(1) the petitioner has a clear legal right to the relief sought; (2) the respondent has an imperative duty to perform and has refused to do so; (3) the petitioner has no other adequate remedy; and (4) this Court’s jurisdiction is properly invoked.’ Ex parte Flint Constr. Co., 775 So.2d 805, 808 (Ala.2000) (citing Ex parte Mercury Fin. Corp., 715 So.2d 196, 198 (Ala.1997)).”
Ex parte Amerigas, 855 So.2d at 546. This court has jurisdiction to review interlocutory orders entered in workers’ compensation cases when the remedy of appeal *139 would be inadequate. See Ex parte Alabama Power Co., 863 So.2d 1099, 1102 (Ala.Civ.App.2003). In this case, the employer moved both the trial court and this court to stay enforcement of the trial court’s order. Both the trial court and this court denied the motions to stay; the trial court also required the employer to immediately provide payment of medical benefits on behalf of the employee with the employer’s being subject to sanctions for its noneompliance. The employer thereafter obeyed the trial court’s order and began paying the employee’s medical benefits, and, presumably, it continues to do so. Awaiting review of the order by appeal would only force the employer to incur further expenses that it may not owe and that it may never recover from the employee who, as evidenced by the fact that the employer is now voluntarily paying temporary-total-disability benefits, is currently unable to earn wages. In light of those circumstances, we find that the employer’s right to appeal the final judgment that will ultimately be entered in this case, which may not be entered for a year or more, is inadequate. See Amerigas, 855 So.2d at 547-48 (Murdock, J., concurring in the result) (implying that an appeal would be inadequate in a similar situation).
The employer essentially argues that it has a clear legal right to a judgment denying the compensability of the employee’s injury and that the trial court, by finding the employee’s back injury to be compen-sable and awarding medical expenses, has refused to grant the employer its proper relief. We, however, are unable to address those points because the trial court has failed to enter findings of fact and conclusions of law. Section 25-5-88, Ala. Code 1975, requires circuit courts, when deciding any controversy as to the right to benefits under the Act, to determine that controversy by filing with the clerk of the circuit court “a statement of the law and facts and conclusions as determined by [the] judge.” In this case, the trial court decided the controversies regarding the compensability of the employee’s injury and the right of the employee to medical benefits under the Act, but it did not file the requisite findings of fact and conclusions of law, stating in its judgment only that the employee had sustained a personal injury due to an accident arising out of and in the course of his employment on May 29, 2009, and ordering the employer to “approve the medical treatment recommended by the [employee’s] authorized treating physician.” This court has repeatedly reversed similar judgments for failing to apprise this court of the basis for the trial court’s decision as contemplated by § 25-5-88. See, e.g., Belcher-Robinson Foundry, LLC v. Narr, 42 So.3d 774 (Ala.Civ.App.2010); and Grace v. Standard Furniture Mfg. Co., 29 So.3d 918 (Ala.Civ.App.2009).
In this case, the trial court, in its response to an order entered by this court directing the trial court to enter the appropriate findings of fact and conclusions of law, objected to this court’s directive stating that such detail is required of only final judgments. Some dicta in a prior opinion of this court does support that position, see SCI Alabama Funeral Servs., Inc. v. Hester, 984 So.2d 1207, 1211 (Ala.Civ.App.2007) (per curiam opinion with one judge concurring and four judges concurring in the result); however, the plain language of § 25-5-88 requires the making of findings of fact and conclusions of law as to every “determination” of a controversy regarding the right to benefits under the Act. In this case, the trial court effectively determined the controversies over the compens-ability of the employee’s back injury and his right to have the employer pay for the medical treatment recommended by his authorized treating physician. By the *140 plain terms of § 25-5-88, the trial court was required to include a conclusive finding as to every fact responsive to the issues presented to and litigated by the parties as well as a recitation of the law applicable to those facts upon which the trial court relied in reaching its determination. See Fort James Holding Co. v. Morgan, 30 So.3d 458 (Ala.Civ.App.2009).
In its answer to the petition for a writ of mandamus,[1] the trial court stated that it had found that the employee had injured his back in a fall while working for the employer and that it had rejected as not credible a co-employee’s testimony indicating that the employee had informed him that the employee’s back injury had occurred while the employee was moving his personal furniture. The employee admitted that he had a long-standing prior lower-back problem for which he had received emergency-room treatment on March 23, 2009, and that he had moved his own furniture in April 2009. However, the trial court did not set forth any of its factual findings explaining why it discounted the testimony of the co-employee. Furthermore, the employer maintained at the hearing that, even if the employee had fallen at work, the medical and radiographic evidence indicated that he had not experienced any change in his already damaged lumbar spine, which had been documented in an earlier study from March 2009. See Hokes Bluff Welding & Fabrication v. Cox, 33 So.3d 592, 602-03 (Ala.Civ.App.2008) (holding that undisputed radiological findings showing continuance of identical preexisting condition effectively disproved claim that lifting episode resulted in new or aggravated injury). The trial court has not addressed the employer’s contention that the medical and radiological evidence conclusively proves that the fall did not medically cause an injury to the employee.
For the reasons stated earlier, we deny the employer’s petition for the writ of mandamus. However, because of our holding in this opinion that the trial court must make findings of fact and conclusions of law, the trial court should now enter an order containing appropriate findings of fact and conclusions of law. Based on our holding in this opinion, once the trial court enters such an order, the employer may seek review of that order by filing a petition for the writ of mandamus in this court.
PETITION DENIED WITH INSTRUCTIONS.
THOMPSON, P.J., concurs.
PITTMAN, J., concurs in the result, without writing.
BRYAN, J., concurs in part and dissents in part, with writing.
MOORE, J., concurs in part and dissents in part, with writing, which THOMAS, J., joins.

. On October 25, 2010, this court entered an order notifying the trial court that this court had opted to treat the employer’s appeal as a petition for the writ of mandamus and allowing the trial court to file an answer, if it wished to do so. The trial court responded by filing an answer on October 26, 2010.