MOORE, Judge,
dissenting.
As I explained at length in my special writing in Ex parte Cowabunga, Inc., 67 So.3d 136, 141 (Ala.Civ.App.2011), under § 25-5-81(e), Ala.Code 1975, an appeal lies from any order or judgment deciding a controversy under the Alabama Workers’ Compensation Act (“the Act”), § 25-5-1 et seq., Ala.Code 1975, regardless of its “finality” under civil-law standards. 67 So.3d at 141-42 (Moore, J., concurring in part and dissenting in part). In this case, the Etowah Circuit Court (“the trial court”) conclusively decided a controversy among Office Max, Inc., Academy, Ltd., and Sandra Richey regarding the payment of certain medical benefits sought by Richey by entering a summary judgment in favor of Academy and by entering an order requiring Office Max to provide the requested medical treatment. Office Max appeals those orders, and the majority dismisses those appeals because the orders do not completely resolve Richey’s workers’ compensation claim; however, § 25-5-81 (e) allows appeals from “interlocutory” orders that do not completely resolve all aspects of a workers’ compensation claim. Ex parte Cowabunga, 67 So.3d at 142.
In Ex parte Vance, 900 So.2d 394 (Ala.2004), our supreme court held that a trial court is not required to certify a workers’ compensation judgment as final when a retaliatory-discharge claim remains pending; however, the court did not consider whether an appeal would lie from a “nonfi-nal” workers’ compensation judgment because it appears that that issue was not raised. In its discussion, the supreme court stated that, “with the notable exceptions found in §§ 25-5-81 and 25-5-88, [Ala.Code 1975,] the Alabama Rules of Civil Procedure apply to workers’ compensation cases.” 900 So.2d at 398 n. 7 (emphasis added). Sections 25-5-81 and 25-5-88, Ala.Code 1975, make any determination of “a controversy” regarding the payment of benefits under the Act “ ‘conclusive and binding between the parties’ ” and provide that an appeal may be taken within 42 days from “ ‘an order or judgment’ ” containing such a determination. Those Code sections do not require that the order or judgment be final under the rules of civil procedure or other state law. See Ex *959 parte Cowabunga, 67 So.3d at 141-42 (Moore, J., concurring in part and dissenting in part). Thus, Ex parte Vance does not mandate that this court dismiss these appeals.
The trial court complied with § 25-5-88 by entering extensive findings of fact and conclusions of law in its summary-judgment order. Those same findings of fact and conclusions of law support the trial court’s order granting Richey’s “motion to compel medical treatment,” and the trial court had no need to duplicate them in that order. Therefore, I conclude that this court should consider the merits of these appeals. Because the majority dismisses the appeals, I respectfully dissent.
THOMAS, J., concurs.