MOORE, Judge,
concurring specially.
Although I maintain that § 25-5-81, Ala.Code 1975, a part of the Alabama Workers’ Compensation Act, § 25-5-1 et seq., Ala.Code 1975, authorizes appeals from “nonfinal” judgments like the one at issue in this case, see SCI Alabama Funeral Servs., Inc. v. Hester, 984 So.2d 1207, 1211 (Ala.Civ.App.2007) (Moore, J., concurring in the result, with writing, joined by Thomas, J.), and that the merits of a compensability determination cannot be reviewed via a petition for a writ of mandamus, see Ex parte Cowabunga, Inc., 67 So.3d 136, 143-44 (Ala.Civ.App.2011) (Moore, J., concurring in part and dissenting in part, with writing, joined by Thomas, J.), I recognize that my opinion remains in the minority on this court. Hence, unless and until a majority of this court, or our supreme court, decides otherwise, I am constrained to agree that this court may consider the merits of the petition for a writ of mandamus filed by Johns & Kirksey, Inc. (“the employer”). In that regard, I concur fully with the main opinion that Thomas C. Dodson III (“the employee”) presented substantial evidence demonstrating that he sustained a compen-sable back injury resulting from cumulative trauma within his employment and that the employer did not present any other ground warranting the issuance of a writ of mandamus.
THOMAS, J., concurs.