MOORE, Judge,
dissenting.
On August 26, 2013, Lula Durgin (“the employee”) filed a verified complaint, pursuant to Ala.Code Í975, § 25-5-88, a part of the Alabama Workers’ Compensation Act (“the Act”), Ala.Code 1975, § 25-5-1 et seq., seeking medical benefits and temporary-total-disability benefits from Fairhope Health and Rehab, LLC (“the employer”), on account of an injury she allegedly sustained to her right knee on February 10, 2012. On April 4, 2014, the parties stipulated that the following issues were “ready for trial”:
“1. Did the [employee’s] February 10, 2012 alleged injury occur in and arise out of her employment with the [employer]?
“2. Is the [employee’s] subsequent alleged back injury compensable under [t]he Alabama Workers’ Compensation Act?
“3. If the [employee’s] alleged injury/injuries is/are deemed compensable, what (if any) medical benefits are owed?”
Following an April 15, 2014, trial on those issues, the Baldwin Circuit Court (“the trial court”) entered a judgment concluding that the employee’s February 10, 2012, right-knee injury arose out of and in the *631 course of her employment, that her subsequent back injury was not compensable, and that the employee was “entitled to the care and treatment of her injury to her right knee, including but not limited to knee replacement.” The trial court amended the judgment on August 20, 2014, to include findings of fact and conclusions of law consistent with its determinations. The employer appealed from the amended judgment.
As I explained in my special writings in SCI Alabama Funeral Services, Inc. v. Hester, 984 So.2d 1207, 1211-16 (Ala.Civ.App.2007) (Moore, J., concurring in the result), and Ex parte Cowabunga, Inc., 67 So.3d 136, 141-45 (Ala.Civ.App.2011) (Moore, J., concurring in part and dissenting in part), Ala.Code 1975, § 25-5-81(a)(1), a part of the Act, specifically authorizes the parties to submit any controversy or controversies regarding an employee’s right to workers’ compensation benefits to a circuit court for resolution in a summary manner. In this case, the parties submitted three controversies to the trial court, all of which it formally decided in its amended judgment. Pursuant to § 25-5-81(a)(l), once the circuit court reaches a determination as to the controversies submitted to it by the parties, “[t]he decision ... shall be conclusive, and binding between the parties, subject to the right of appeal provided in this article.” That language clearly conveys the legislative intent that the amended judgment, insofar as it determined all the controversies submitted by the parties, should be considered both final, i.é., “conclusive and binding,” and appealable, i.e., “subject to the right of appeal,” regardless of whether other controversies may remain between the parties and regardless of whether the judgment would be considered final and appealable under Ala.Code 1975, § 12-22-2, the general law of judgments, or the Alabama Rules of Civil Procedure.
A majority of this court has not adopted my interpretation of the Act, determining, instead, in Ex parte Cowabunga, .Inc., supra, that a judgment deciding issues of compensability and awarding an employee medical benefits may not be reviewed by appeal but, rather, may be reviewed only by a petition for a writ of mandamus to determine if it is supported by substantial evidence. 67 So.3d at 138. I dissented to that holding because “[a] petition for a writ of mandamus ‘ “cannot be used as a substitute for an appeal.” ’ ” 67 So.3d at 144 (Moore, J., concurring in part and dissenting in part) (quoting Ex parte Southeast Alabama Med. Ctr., 835 So.2d 1042, 1045 (Ala.Civ.App.2002), quoting in turn Ex parte Empire Fire & Marine Ins. Co., 720 So.2d 893, 894 (Ala.1998)). I maintain that the legislature has resolved that determinations like those contained in the amended judgment in this case are final and may be appealed, and, therefore, that a petition for a writ of mandamus is not the appropriate method for review. Thus, I respectfully dissent from the main opinion insofar as it elects to treat the appeal as a petition for a writ of mandamus and grants that petition in part and denies that petition in part.
Based on the appropriate appellate standard of review, see Ala.Code 1975, § 25-5-81(e), I conclude that the trial court did not err in finding that the employee suffered a compensable knee injury when she twisted her knee while positioning her body to sit in a van while preparing to transport a group of nursing-home residents on a shopping excursion. The twisting of the knee constituted an “accident” ■within the meaning of Ala.Code 1975, § 25-5-1(7), as interpreted by the appellate courts of this state, see 1 Terry A. Moore, Alabama Workers’ Compensation §§ 8:7 through 8:12 (2d ed.2013). That accident 'arose out of the employee’s em *632 ployment because her job duties required the employee to perform- a physical maneuver increasing her risk of a knee injury beyond “the baseline exposure to risk that we all face daily in ■ merely living.” Ex parte Trinity Indus., Inc., 680 So.2d 262, 268 n. 5 (Ala.1996). Substantial evidence indicates that the accident medically caused an injury to the employee’s right knee by aggravating her preexisting arthritic condition to cause new disabling symptoms. See generally Altadena Valley Golf & Country Club v. Blue Cross & Blue Shield of Alabama, 644 So.2d 913 (Ala.1994). Therefore, I would affirm that part of the judgment in-which the trial court determined that the employee sustained a compensable knee injury.
However, I believe that the trial court erred in concluding that the employee is entitled to knee-replacement surgery at the cost of the employer. Dr. Cesar M. Roca, Jr., testified that the compensable injury acutely exacerbated the employee’s underlying right-knee problem but that he had thoroughly addressed that aggravation in May 2012 when he performed a menis-cectomy which, according to the doctor, actually improved her knee condition to “better than she was before the [work-related] accident.” Dr. Roca essentially testified that, as a result of the May 2012 surgery, the employee had recovered from the aggravating effects of the work-related injury but that she continued to suffer from her preexisting arthritic condition. According to the doctor, the employee needs a knee replacement exclusively because of the symptoms of her preexisting arthritic condition. That expert testimony indicates that the work-related injury does not contribute even slightly to the employee’s need for knee-replacement surgery.
The employee did not present any expert medical testimony to refute Dr. Roca’s opinion. In Ex parte Price, 555 So.2d 1060 (Ala.1989), our supreme court indicated that, in an appropriate case, a trial court may infer medical causation even in contradiction to undisputed medical expert testimony.
“Based on Price, a trial court may make a finding of medical causation without the benefit of any direct expert medical testimony, so long as the other evidence is sufficient to sustain its finding. The question whether a worker has satisfactorily proven the causal relationship between a ' work-related accident and a particular injury ‘in' the absence of medical testimony, or by lay testimony coupled with medical evidence, must be determined on a case-by-case basis.’ Price, 555 So.2d at 1062. That question is one of fact to be decided in the first instance by.the trial court. See Stewart v. ATEC Assocs., Inc., 652 So.2d 270, 274 (Ala.Civ.App.1994); and Statewide Painting Co. v. Sharron, 693 So.2d 518 (Ala.Civ.App.1997). On appellate review, ‘ “[w]e will not reverse the trial court’s finding of fact if that finding .is supported by substantial evidence — if that finding is supported by ‘evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.’ ” ’ Ex parte Southern Energy Homes, Inc., 873 So.2d 1116, 1121 (Ala.2003) (quoting Ex parte Trinity Indus., Inc., 680 So.2d 262, 268-69 (Ala.1996), quoting in turn West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989)).”
Hokes Bluff Welding & Fabrication v. Cox, 33 So.3d 592, 595-96 (Ala.Civ.App.2008).
In this case, the employee did not present any lay or circumstantial evidence to overcome the -medical opinion of Dr. Roca. At best, the lay and circumstantial evidence shows that the employee aggravated *633 an underlying arthritic condition, but it does not answer the rather complex medical questions whether that aggravation persisted so as to contribute to the need for the' knee-replacement surgery or whether that need resulted from the rather severe degenerative condition of the employee’s knee alone. Based on the state of the evidence, the trial court could have reached its conclusion- only by impermissi-bly “deciding matters lying exclusively ‘within the peculiar knowledge of medical experts.’ ” Cox, 33 So.3d at 603 (quoting Price, 555 So.2d at 1062). In other words, the employee did not present ■ substantial evidence from which the trial court reasonably could have reached a factual conclusion different from that of Dr. Roca.
Because the undisputed evidence proves that the employee needs knee-replacement surgery solely because of her preexisting condition, the trial court erred as a matter of law in ordering the employer to fund that treatment. See Ex parte Publix Super Markets, Inc., 963 So.2d 654, 658 (Ala.Civ.App.2007) (“By implication, an employer would not be financially responsible for medical and surgical treatment obtained by an employee for conditions unrelated to. an accident arising out of and in the course of the employee’s employment.”). Therefore, I would reverse that part of the judgment.
THOMAS, J., concurs.