On Rehearing Ex Mero Motu

PITTMAN, Judge.
This court’s opinion of September 4, 2015, is withdrawn, and the following is substituted therefor.
Ward International (“Ward”)[1] has petitioned this court to issue a writ of mandamus directing the Mobile Circuit Court to vacate an order requiring Ward to pay for medication that has been prescribed to Ward’s employee, Wesley Shows. We deny the petition.

Facts and Procedural History

After injuring his lower back during the course of his employment with Ward, Shows commenced an action against Ward asserting that he was entitled to workers’ compensation benefits pursuant to the Alabama Workers’ Compensation Act, § 25-5-1 et seq., Ala.Code 1975. In partial settlement of Shows’s claim, Ward paid Shows a’ lump sum as compensation for Shows’s injury, but the parties left open the issue óf Shóws’s future ‘medical benefits.
In March 2015, Shows requested approval from Ward for medication for the treatment of erectile dysfunction. Ward asserts that it initially approved Shows’s request by mistake, but it later withdrew that approval. Accordingly, Shows filed a motion requesting the trial court to enter an order requiring .Ward to pay for the medication.-
Shows supported his motion with correspondence from his authorized treating physician, Dr. Wayne Cockrell, who stated that Shows, had suffered from chronic pain due to his work-related injury, that Shows had continued to require treatment of that pain with narcotic analgesics, that Shows had suffered1 from erectile dysfunction, and that “[cjhronic pain can certainly be associated with erectile dysfunction as can chronic' use of narcotic analgesics needed for [the pain].” Dr. Cockrell concluded in his correspondence that treatment of *92 Shows with erectile-dysfunction medication “is indicated in association with [Shows’s] work-related injury.” '
The trial court granted Shows’s motion, requiring Ward to provide the prescribed medication. Ward now requests this court to issue the writ of mandamus and to direct the trial court to vacate its order.

Analysis

“ ‘ “A writ of mandamus is an extraordinary remedy, and it will be ‘issued only when there is: 1) a clear legal right in the petitioner to the order sought; 2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; 3) the lack of another adequate remedy; and 4) properly invoked jurisdiction of the court.’ Ex parte United Serv. Stations, Inc., 628 So.2d 501, 503 (Ala.1993). A writ of mandamus will issue only in situations where other relief is unavailable or is inadequate, and it cannot be used as a substitute for appeal. Ex parte Drill Parts & Serv. Co., 590 So.2d 252 (Ala.1991).” ’
“Ex parte Wilson, 854 So.2d 1106, 1108-09 (Ala.2002) (quoting Ex parte Empire Fire & Marine Ins. Co., 720 So.2d 893, 894 (Ala.1998)). Section 12-3-10, Ala. Code 1975, grants this court appellate jurisdiction to issue extraordinary writs in workers’ compensation cases. Ex parte Alabama Power Co., 863 So.2d 1099, 1101 (Ala.Civ.App.2003).”
Ex parte Sunbelt Transp., Inc., 23 So.3d 1138, 1140 (Ala.Civ.App.2009).
Section 25-5-77(a), Ala.Code 1975, gives workers the right to “reasonably necessary medical ... treatment and ... medicine ... as the result of an accident arising out of and in the course of the employment.” Pursuant to that statute, employers are “financially responsible, subject to certain cost limitations, for the medical and surgical treatment obtained by an employee due to injuries received in an accident arising out of and in the course of the employee’s employment.” Ex parte Publix Super Markets, Inc., 963 So.2d 654, 658 (Ala.Civ.App.2007). Section 25-5-77 does not make employers responsible for treatment “for conditions unrelated to an accident arising out of and in the course of the employee’s employment.” Id.
Ward does not expressly assert that Shows’s erectile dysfunction is, in fact, unrelated to his workplace accident in the sense that Shows’s condition is not, directly or indirectly, a result of that accident. Rather, Ward relies exclusively on Rule 480-5-5-15(15), Ala. Admin. Code, which is part of a body of regulations promulgated by the Alabama Department of Labor (previously known as the Alabama Department of Industrial Relations) (“the Department”).
Rule 480-5-5-15(15) provides:
“ERECTILE DYSFUNCTION MEDICATION — Workers’ compensation will cover erectile dysfunction medication when used for the treatment of men with organic erectile dysfunction resulting from a definitive organic disorder as the result of a compensable work related injury. Organic impotence is defined as that which may be reasonably expected to occur following certain traumatic injuries or surgical procedures. Psychological or psychiatric reasons will not be accepted as organic impotence.
“(a) Conditions that may result in organic erectile dysfunction are:
“1. Spinal cord injuries;
“2. Injuries to the genital and lower urinary tract;
“3. Severe fracture of the pelvis that resulted in injury to the bladder or urethral pelvic nerves;
*93 “4. Surgery of the genital or lower urinary tract;
“5. Removal of the rectum causing injuries to nerves or vessels resulting in erectile dysfunction; or
“6. Any surgery that may interfere with the pelvic nerves or circulation.
“(b) Coverage for up to five (5) tablets per 30 days may be provided if:
“1. Treatment is being provided for an accepted workers’ compensation claim;
“2. One of the above conditions has been satisfied;
“3. An evaluation ■ has been conducted by a urologist to determine that an organic erectile dysfunction as herein described does exist; and
“4. A letter is received from either the urologist, who performed the above subject evaluation, or from the treating physician stating the medical necessity of erectile dysfunction medication prior to the authorization of the prescription.”
It is undisputed that Shows has not suffered from any of the six “[c]onditions that may result in organic erectile dysfunction” that are enumerated in Rule 480-5-5-.15(15). It is also undisputed that a urologist has not, based on an evaluation of Shows, determined that “an organic erectile dysfunction as ... described [in the regulation]” exists. Ward also expressly relies on the portion of subsection (b) of Rule 480-5-5-.150.5) limiting the number of prescription tablets for the treatment of erectile dysfunction to 5 per 30-day period. According to Shows, he was prescribed a “time release” type of medication that is meant to be ingested every day, as opposed to only when needed. Thus, Shows was prescribed more than the purported limit of 5 tablets per 30 days.
Although not entirely clear, Rule 480-5-5-.15(15) appears to be a policy determination made by the Department as to when erectile dysfunction is to' be considered as having arisen as a result of a workplace accident. If erectile dysfunction does not arise from one of the enumerated six conditions that may result in “organic” erectile dysfunction, it is considered to be “psychological or psychiatric” erectile dysfunction and is not compensable. In addition, the regulation appears to provide an exclusive list of what is to be considered “organic,” as opposed to “psychological or psychiatric,” erectile dysfunction.
Rule 480-5-5-.15 states that it was promulgated pursuant to the authority conferred by § 25-5-293, Ala.Code 1975. That provision, among other things not relevant to the instant case, allows insurance carriers and self-insureds to adopt utilization review and to engage in medical-necessity determinations and bill screening, and, “if there is to be a utilization review or a- ‘medical necessity determination’ it ‘shall only be conducted under and in accordance with policies, guidelines, or regulations” approved by the Department and the Workers’ Compensation Medical Services Board. Overnite Transp. Co. v. McDuffie, 933 So.2d 1092, 1098 (Ala.Civ.App.2005).
In Ovemite Transport, this" court considered á Department regulation that" purportedly had been promulgated pursuant to the authority conferred by § 25-5-293 and required an employer’s approval of all proposed referrals by an injured employee’s authorized treating physician of the employee to other physicians. This court reviewed precedent holding that, pursuant to § 25-5-77(a), employers are responsible for the costs of reasonably necessary medical treatment of an employee resulting from injuries received in an accident arising out of and in the course of the employ *94 ee’s employment and noted that there was no evidence indicating that the referral by the authorized physician in that case was not reasonably necessary as contemplated by § 25-5-77(a). 933 So.2d at 1097. In declining to apply the regulation requiring the employer’s approval of a referral, this court said: “There is no provision in § 25-5-293 ... that modifies the various provisions of § 25-6-77(a). that are noted at the outset of this analysis and that provide the underpinning. for the holdings in the above-discussed cases.” 933 So.2d at 1098. See also Ex parte Southeast Alabama Med. Ctr., 835 So.2d 1042, 1054-55 (Ala.Civ.App.2002) (“The employee’s right to reasonably necessary medical treatment is not a right’ that derives in any manner from the provisions of § 25-5-293(k) or the regulations promulgated thereunder .... [T]he employee’s rights are rights that are granted directly to the employee, in every case, by legislative enactment: § 25-5-77(a).” (emphasis omitted)).
The same rationale applies in this case. Section 25-5-77(a) makes Ward responsible for reasonably, necessary medical treatment of conditions that are caused by the accident arising out of and in the .course of Shows’s employment. That is so, notwithstanding the blanket prohibition in Rule 480-5-5-.15(15) on treating erectile dysfunction that is not considered to be an “orgánic,” as opposed to a “psychiatric” or “psychological,” condition resulting from one the 6 enumerated conditions, as well as the prohibition on prescribing more than 5 tablets in any 30-day period.
Other than its reliance on Rule 480-5-5-.15(15), Ward does not contend that, the specific treatment prescribed to Shows was not reasonably necessary to treat a medical condition resulting from the accident arising out of and in the course of Shows’s employment. Based on the holding and rationale of Ovemite Transport, we conclude that Ward has not demonstrated that it is entitled to the relief sought.[2]
ON REHEARING EX MERO MOTU: OPINION OF SEPTEMBER 4, 2015, WITHDRAWN; OPINION SUBSTITUTED; PETITION DENIED.
THOMPSON, P.J., and THOMAS, MOORE, and DONALDSON, JJ., concur.

. The full name of this entity is not apparent from the materials submitted to this court.

. Ward does not argue that, even ignoring Rule 480-5-5-, 15(15), evidence would establish that Shows ⅛ condition was not a result of his workplace accident or that the prescribed treatment was not reasonably necessary, and Ward does not assert that it was due any sort of evidentiary hearing in order to attempt to make such a showing' before the trial court ruled.