THOMPSON, Presiding Judge.
West Fraser, Inc. ("West Fraser"), petitions this court for a writ of mandamus directing the Lee Circuit Court ("the trial court") to vacate its order of June 22, 2017, entered in an action seeking benefits under the Alabama Workers' Compensation Act, § 25-5-1 et seq., Ala. Code 1975. That order was entered after a hearing on the compensability of injuries that West Fraser's employee Johnny Thomas claims he sustained while working in the line and scope of his employment. In that order, the trial court found that Thomas had "not yet reached [maximum medical improvement] and should continue to receive medical treatment to determine the source and causation of [his] injuries."
The materials submitted to this court in support of the petition indicate the following. On April 17, 2015, Thomas filed a complaint seeking workers' compensation benefits. In his complaint, Thomas asserted that, on or about May 15, 2014, he "injured his neck, back, both arms, and both legs while trying to dislodge a large log that had become stuck in the conveyor belt." He claimed that he suffered from a permanent total disability as a result of his injuries.
In its answer, West Fraser denied that Thomas was injured in a work-related accident on or about May 15, 2014. Throughout this action, West Fraser has consistently denied that Thomas was ever injured while trying to dislodge a large log. In fact, West Fraser has asserted *508 that it did not receive notice of such an accident until it received a copy of the complaint, which was filed nearly a year after the alleged accident occurred.
The trial court held an evidentiary hearing on the issue of compensability pursuant to Ex parte Ex parte Publix Super Markets, Inc., 963 So.2d 654, 658 (Ala. Civ. App. 2007). In its petition for a writ of mandamus, West Fraser contends that, at that hearing, Thomas presented evidence indicating that his injury or injuries were the result of cumulative trauma. Before the hearing, West Fraser had filed a motion in limine to prevent Thomas from presenting evidence regarding a cumulative-trauma injury. The trial court denied that motion, as well as West Fraser's motion for a partial summary judgment as to a claim by Thomas of deterioration and/or cumulative trauma.
On June 22, 2017, after the compensability hearing, the trial court entered an order in which it recognized that the parties disagreed on the type of injury Thomas had sustained, as well as "the current source of [his] medical complaints." The trial court found that Thomas had "not yet reached [maximum medical improvement] and should continue to receive medical treatment to determine the source and causation of [Thomas's] injuries." The order did not specify which party was responsible for the payment of that treatment. West Fraser filed its petition for the writ of mandamus on July 21, 2017.
West Fraser contends that the trial court's order fails to comply with § 25-5-88, Ala. Code 1975. It also maintains that the trial court abused its discretion by allowing Thomas, during the compensability hearing, to change his claim from one seeking benefits for an accidental injury to one seeking benefits for a cumulative-trauma injury. Finally, West Fraser contends that the trial court abused its discretion by failing to dismiss Thomas's claim for an alleged work-related accident occurring on or about May 15, 2014, because, it says, Thomas failed to provide notice of such an accident within 90 days of its occurrence.
" ' " 'A writ of mandamus is an extraordinary remedy, and it will be "issued only when there is: 1) a clear legal right in the petitioner to the order sought; 2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; 3) the lack of another adequate remedy; and 4) properly invoked jurisdiction of the court." Ex parte United Serv. Stations, Inc., 628 So.2d 501, 503 (Ala. 1993). A writ of mandamus will issue only in situations where other relief is unavailable or is inadequate, and it cannot be used as a substitute for appeal. Ex parte Drill Parts & Serv. Co., 590 So.2d 252 (Ala. 1991).' "
" ' Ex parte Wilson, 854 So.2d 1106, 1108-09 (Ala. 2002) (quoting Ex parte Empire Fire & Marine Ins. Co., 720 So.2d 893, 894 (Ala. 1998) ). Section 12-3-10, Ala. Code 1975, grants this court appellate jurisdiction to issue extraordinary writs in workers' compensation cases. Ex parte Alabama Power Co., 863 So.2d 1099, 1101 (Ala. Civ. App. 2003).'
" Ex parte Sunbelt Transp., Inc., 23 So.3d 1138, 1140 (Ala. Civ. App. 2009)."
Ex parte Ward Int'l, 189 So.3d 90, 92 (Ala. Civ. App. 2015).
Furthermore, in a similar case, this court wrote:
"This court has jurisdiction to review interlocutory orders entered in workers' compensation cases when the remedy of appeal would be inadequate. See Ex parte Alabama Power Co., 863 So.2d 1099, 1102 (Ala. Civ. App. 2003)....
*509 [T]he trial court ... required the employer to immediately provide payment of medical benefits on behalf of the employee with the employer's being subject to sanctions for its noncompliance. The employer thereafter obeyed the trial court's order and began paying the employee's medical benefits, and, presumably, it continues to do so. Awaiting review of the order by appeal would only force the employer to incur further expenses that it may not owe and that it may never recover from the employee who, as evidenced by the fact that the employer is now voluntarily paying temporary-total-disability benefits, is currently unable to earn wages. In light of those circumstances, we find that the employer's right to appeal the final judgment that will ultimately be entered in this case, which may not be entered for a year or more, is inadequate. See [ Ex parte ] Amerigas, 855 So.2d [544] at 547-48 [ (Ala. Civ. App. 2003) ] (Murdock, J., concurring in the result) (implying that an appeal would be inadequate in a similar situation)."
Ex parte Cowabunga, Inc., 67 So.3d 136, 138-39 (Ala. Civ. App. 2011).
"Generally speaking, an employee covered by the [Workers' Compensation] Act is entitled to the medical benefits set out in Ala. Code 1975, § 25-5-77, if: (1) the employee has sustained an injury due to an accident arising out of and in the course of the employment; (2) the employee notifies the employer of the accident and injury; (3) medical benefits are reasonably necessary to treat the work-related injury; and (4) medical benefits are authorized by the employer. See generally Ex parte Publix Super Markets, Inc., 963 So.2d 654, 658 (Ala. Civ. App. 2007). In Publix, this court held that, when an employer disputes the occurrence of a work-related accident and/or disputes that the work-related accident has caused or contributed to an injury for which an employee seeks medical benefits, a trial court may not order authorization and payment of those medical benefits without first resolving the dispute as to compensability via due process, which ordinarily entails an evidentiary hearing. See also Ex parte Sunbelt Transport, Inc., 23 So.3d 1138 (Ala. Civ. App. 2009) (accord)."
Ex parte City of Prattville, 56 So.3d 684, 688-89 (Ala. Civ. App. 2010).
The dispositive issue is West Fraser's argument that the trial court's order fails to comply with § 25-5-88, which requires the trial court's determination of "the controversy" to "contain a statement of the law and facts and conclusions as determined by said judge." In Cowabunga, supra, this court expounded on the requirements of § 25-5-88, writing:
"[T]he plain language of § 25-5-88 requires the making of findings of fact and conclusions of law as to every 'determination' of a controversy regarding the right to benefits under the [Workers' Compensation] Act.... By the plain terms of § 25-5-88, the trial court was required to include a conclusive finding as to every fact responsive to the issues presented to and litigated by the parties as well as a recitation of the law applicable to those facts upon which the trial court relied in reaching its determination. See Fort James Holding Co. v. Morgan, 30 So.3d 458 (Ala. Civ. App. 2009)."
Cowabunga, 67 So.3d at 139-40. In the judgment entered in Cowabunga, the trial court
"decided the controversies regarding the compensability of the employee's injury and the right of the employee to medical benefits under the [Workers' Compensation] Act, but it did not file the requisite *510 findings of fact and conclusions of law, stating in its judgment only that the employee had sustained a personal injury due to an accident arising out of and in the course of his employment on May 29, 2009, and ordering the employer to 'approve the medical treatment recommended by the [employee's] authorized treating physician.' This court has repeatedly reversed similar judgments for failing to apprise this court of the basis for the trial court's decision as contemplated by § 25-5-88. See, e.g., Belcher-Robinson Foundry, LLC v. Narr, 42 So.3d 774 (Ala. Civ. App. 2010) ; and Grace v. Standard Furniture Mfg. Co., 29 So.3d 918 (Ala. Civ. App. 2009)."
67 So.3d at 139.
Thomas agrees with West Fraser that the order the trial court entered in this case does not address all of the controversies between the parties. The order does not include specific findings regarding the type of injury Thomas sustained, that is, whether he suffered an injury while attempting to dislodge a log, i.e., in an accident, or whether he had a cumulative-trauma injury, i.e., a nonaccidental injury. Different standards are applied in each situation. In reviewing whether an employee has proven that he or she was injured in a work-related accident, "the finding of the circuit court shall not be reversed if that finding is supported by substantial evidence." § 25-5-81(e)(2), Ala. Code 1975. To prove that an injury arose from work-related cumulative trauma, an employee must present clear and convincing evidence of legal and medical causation. Valtex, Inc. v. Brown, 897 So.2d 332, 334 (Ala. Civ. App. 2004) ; Safeco Ins. Co. v. Blackmon, 851 So.2d 532, 537 (Ala. Civ. App. 2002) ; and § 25-5-81(c), Ala. Code 1975. The trial court also did not determine whether Thomas's injury arose out of and in the course of his employment with West Fraser. In fact, the order specifically states that Thomas should "continue to receive medical treatment to determine the source and causation" of his injuries. The order does not specifically direct West Fraser to pay for that treatment.
Moreover, the trial court did not make a finding regarding whether Thomas provided West Fraser the requisite notice of his alleged injury pursuant to § 25-5-78, Ala. Code 1975. That statute provides that no compensation shall be payable unless written notice is given within 90 days after the occurrence of the accident. West Fraser has consistently maintained that it had no notice of an accident involving Thomas that occurred on or about May 15, 2014, until it received the complaint in this action nearly a year later, and it litigated that issue at the compensability hearing. Therefore, West Fraser says, the trial court had a duty to make a finding responsive to that issue in its June 22, 2017, order.
The purpose of the compensability hearing was to determine the source and cause of Thomas's injury and whether his injury was compensable. The trial court made no findings as to those issues. The trial court also failed to make a finding as to whether Thomas provided West Fraser with notice of the accident that resulted in his injury. " 'A trial court ... must make findings of fact and state conclusions of law that are responsive to the issues presented at trial. Equipment Sales Corp. v. Gwin, 4 So.3d 1125, 1129-30 (Ala. Civ. App. 2008).' " Brown v. Dixie Contracting Co., 150 So.3d 200, 203 (Ala. Civ. App. 2014) (quoting Weaver v. Pilgrim's Pride Corp., 106 So.3d 417, 419 (Ala. Civ. App. 2012) ).
In his response to West Fraser's petition for a writ of mandamus, Thomas agrees that the trial court "left unaddressed" some of the issues litigated during *511 the compensability hearing. Thomas also agrees that the trial court misstated that the parties agreed that Thomas suffered some type of injury while dislodging a large log from a conveyor belt. Therefore, Thomas stated in his response, "parts" of the June 22, 2017, order must be "remanded" for further findings of fact and conclusions of law.
Because the trial court's June 22, 2017, order does not comply with § 25-5-88, this court grants West Fraser's petition and directs the trial court to vacate its order of June 22, 2017, and to enter an order that meets the requirements of § 25-5-88. Because the trial court has not yet determined "the source and causation" of Thomas's injuries, at this point, this court cannot provide a meaningful review of West Fraser's other contentions regarding whether the trial court abused its discretion in allowing Thomas to change his claim during the compensability hearing to allege a cumulative-trauma injury rather than an accidental injury and in failing to dismiss such a claim. The order as it is currently written makes no determination as to whether Thomas properly notified West Fraser of his purported injury or whether he can pursue a claim for cumulative-trauma injury.
PETITION GRANTED; WRIT ISSUED.
Pittman, Thomas, Moore, and Donaldson, JJ., concur.